The Port Jervis Water Works Company, Respondent, *v.* The Village of Port Jervis, Appellant.

1. Municipal Corporations — Remedy against, by Action. While counties and towns, being the civil divisions of the state, are not subject to actions, except in so far as the statute has given them corporate capac ity, with the right to sue and be sued, cities and villages, being corpora· tions created by the legislature, may be sued as such in any of the courts of the state having jurisdiction of the subject-matter.

2. Claim against Village — Audit by Trustees — Remedy by Action. The fact that the charter of a village provides for the presenting of claims against the municipality to its board of trustees for audit and allowance does not constitute such board a tribunal for the final adjudication of disputed claims and limit the remedy to a review of the determination of the board, but as to such claims the appropriate remedy is by action.

3. Construction of Village Charter — Creation of Liability in Advance of Funds. In construing a village charter, all its provisions must be considered and be harmonized, if possible; and if, in addition to provisions forbidding the creation of any debt or liability beyond the amount of taxes applicable to the payment thereof, voted to be raised according to law, there is found a provision requiring the trustees to con· tract for terms of years in advance, thus incurring liabilities which could not have been included in an annual assessment, such provision must be deemed an exception from the other provisions.

4. Village of Port Jervis — Charter — Liability for Payment for Water Supply. The provision in the charter of the village of Port Jervis (L. 1873, ch. 370, § 51, subd. 14) authorizing the trustees to contract for a period of three years with any water company for a supply of water for village uses, before the taxes applicable thereto are levied, and to insert the amount of the annual contract in the tax levy for that year, without submitting the same to a vote of the people, is to be deemed an exception from the general provisions of the charter (§§ 100, 101) forbidding the creation of any debt or liability for which a tax has not been voted and raised, and will warrant the maintenance of an action against the village to obtain payment for water furnished to it under circumstan·

ces from which a contract can be implied to pay what the water was worth, even although no funds had ever been raised therefor.

*Pt. Jervis W. W. Co.* v. *Vil. of Pt. Jervis,* 71 Hun, 66, affirmed.

(Argued October 29, 1896; decided December 1, 1896.)

Appeal from a judgment of the General Term of the Supreme Court in the second judicial department, entered August 9, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lewis E. Carr* for appellant.   The decision of the trustees on the plaintiff's claim, when presented, was an adjudication of a competent tribunal, having jurisdiction to act, and bars the plaintiff from any action.   The only remedy available to the plaintiff was one to review the determination made by the trustees.   (*Brady* v. *Suprs. of New York,* 2 Sandf. 460; 10 N. Y. 260; *People ex rel.* v. *Bd. of Suprs.,* 67 N. Y. 109, 114; *Osterhoudt* v. *Rigney,* 98 N. Y. 222; *People ex rel.* v. *Barnes,* 114 N. Y. 317; *Culross* v. *Gibbons,* 130 N. Y. 447; *McDonnell* v. *Mayor, etc.,* 4 Hun, 472; *Dolan* v. *City of Brooklyn,* 55 Hun, 448; *Reining* v. *City of Buffalo,* 102 N. Y. 308; *Curry* v. *City of Buffalo,* 135 N. Y. 366; L. 1873, ch. 370, § 88; *Buck* v. *City of Lockport,* 43 How. 361.)   The rejection of the claim by the trustees was a bar to the maintenance of an action at law against the village to recover its amount.   That was not such a refusal to act as authorized resort to that remedy.   (*People ex rel.* v. *Barnes,* 114 N. Y. 317; *Osterhoudt* v. *Rigney,* 98 N. Y. 222; *Hagen* v. *City of Brooklyn,* 52 N. Y. 282; *Winegar* v. *Fowler,* 82 N. Y. 315; *Curnen* v. *Mayor, etc.,* 79 N. Y. 511; *People ex rel.* v. *Bd. Suprs. Del. Co.,* 45 N. Y. 196.)   The action could not be maintained because no funds were ever appropriated for such a claim. To sustain the action and judgment is in effect to establish a debt of the municipality.   (*Kernitz* v. *Long Island City,* 50 Hun, 428; *Smith* v. *City of Buffalo,* 1 Sheld. 495; *McDon-*

*ald* v. *Mayor, etc.,* 68 N. Y. 23 ; *S. W. Co.* v. *City of Syracuse,* 116 N. Y. 167 ; *Wells* v. *Town of Salina,* 119 N. Y. 280 ; *Smith* v. *City of Newburgh,* 77 N. Y. 130 ; *Donovan* v. *Mayor, etc.,* 33 N. Y. 291, 293 ; *Lyddy* v. *Long Island City,* 104 N. Y. 218 ; *Calahan* v. *Mayor, etc.,* 6 Daly, 230 ; L. 1873, ch. 370, §§ 88, 100, 101 ; *In re L. I. W. S. Co.,* 30 Abb. [N. C.] 36.) The evidence did not in any event justify a recovery for water used for sprinkling streets. To that extent the recovery was certainly erroneous. (L. 1873, ch. 370, § 51 ; *Dickinson* v. *City of Poughkeepsie,* 75 N. Y. 65.)

*C. E. Cuddeback* for respondent. Defendant used the water furnished by plaintiff during the period covered by the complaint, and in the absence of an agreement as to price is bound to make reasonable compensation therefor. (*Nelson* v. *Mayor, etc.,* 63 N. Y. 544; *Kramrath* v. *City of Albany,* 127 N. Y. 581.) If it be not sufficiently clear that there were funds in the treasury from which payment might have been made, there was abundant authority in the village charter to enable the trustees to pay the amount, and their neglect and refusal to pay, or put the proper machinery in operation to raise the funds with which to pay, furnishes the creditor with a remedy by action. (L. 1873, ch. 370, §§ 51, 53 ; *Smith* v. *City of Buffalo,* 44 Hun, 160 ; *Cumming* v. *Mayor, etc.,* 11 Paige, 596 ; *Baldwin* v. *City of Oswego,* 1 Abb. Ct. App. Dec. 62 ; *Beard* v. *City of Brooklyn,* 31 Barb. 142.) The action of defendant's board of trustees upon the bill presented to them, and which is the bill for which this action is brought, is no hindrance to a recovery in this case. (*Reilly* v. *City of Albany,* 40 Hun, 414 ; 112 N. Y. 30 ; *Buck* v. *City of Lockport,* 6 Lans. 251 ; *Nelson* v. *Mayor, etc.,* 131 N. Y. 16.) The claim of the plaintiff was properly before the board of trustees. (*Hazard* v. *Spears,* 2 Abb. Ct. App. Dec. 358 ; *Forrest* v. *Havens,* 38 N. Y. 471 ; *Sloman* v. *G. W. R. Co.,* 67 N. Y. 208 ; *Thayer* v. *Marsh,* 75 N. Y. 342.) Defendant was liable for the water used for sprinkling the streets. The trial court upon abund-

ant evidence found that the village furnished the water to the sprinklers, and owners of property paid for the sprinkling. (L. 1873, ch. 370, § 51; *S. P. & P. Assn.* v. *Mayor, etc.,* 8 App. Div. 230.)

HAIGHT, J. This action was brought to recover compensation for water furnished for a public fountain, watering troughs, sprinkling wagons, the village jail and hose houses.

The plaintiff is a corporation operating a system of water works through the village of Port Jervis. The defendant is a municipal corporation. Prior to the first day of May, 1886, the plaintiff had furnished water to the defendant for the extinguishment of fires and for other purposes under a contract for two thousand dollars per year. A controversy then arose between the company and the village trustees as to the amount that should be paid for water in the future, which controversy continued for the three years following; but, in the meantime, plaintiff continued to furnish and the defendant to use the water of the company as it had theretofore done. The act under which the plaintiff was incorporated required the company to furnish water to the defendant for the purpose of extinguishing fires upon such terms as may be agreed upon with the board of village trustees; and, if they cannot agree, application may be made for the appointment of commissioners, who shall prescribe the terms upon which the water shall be furnished. (Laws of 1868, chapter 755, section 16.) Pursuant to the provisions of this act commissioners were appointed who awarded the plaintiff two thousand dollars per year for furnishing water for the extinguishment of fires in the village, and this award, amounting to six thousand dollars in all for the three years in controversy, was paid. The plaintiff then presented its bill to the board of trustees of the defendant corporation for the water furnished to the village for its fountain, watering troughs, sprinkling wagons, etc., amounting to five hundred and forty-eight dollars per year, or one thousand six hundred and forty-four dollars for the three years,

which claim the trustees rejected; thereupon this action was brought.

It is contended that the decision of the village trustees rejecting the plaintiff's claim, was an adjudication of a competent tribunal having jurisdiction to act, and that such adjudication is a bar to this action; that the only remedy available to the plaintiff was a review of the determination made by the village trustees.  In support of this contention our attention is called to the case of *Brady* v. *Supervisors of New York* (2 Sandford, 460; 10 N. Y. 260) and other similar cases, but to our minds these cases are not applicable and have no bearing upon the questions under consideration.  Counties and towns are the civil divisions of the state, and as such are not subject to actions, except in so far as the statute has given them corporate capacity, with the right to sue and be sued. With cities and villages it is quite different; they are corporations created by the legislature, and as such may be sued in any of the courts of the state having jurisdiction of the subject-matter.  It is true that the charter under which the defendant was incorporated provides for the presenting of claims against the municipality to the board of trustees for audit and allowance, but this provision is for the benefit and protection of the municipality and forms a part in its scheme of government; it enables the trustees to settle and adjust claims without action or expense, and also enables them to estimate and determine the amount of taxes that it will be necessary to levy upon the taxable property in the village. They are not constituted a tribunal for the purpose of final adjudication upon claims which they themselves dispute, for reasons that are obvious; as to such claims, the appropriate remedy is by action.  (*Reilly* v. *City of Albany*, 40 Hun, 405; *S. C.*, 112 N. Y. 30; *Nelson* v. *Mayor, etc.*, 131 N. Y. 4.)

It is also contended that this action cannot be maintained for the reason that no funds were ever appropriated therefor under the provisions of the defendant's charter.

The provisions alluded to are as follows: " Such village

shall have no power to borrow money, nor shall it be liable to pay money borrowed on its account, or advanced in its behalf, by its officers or by any other person, nor shall any of its money or property be applied to any such purpose; nor shall such village incur any debt or liability beyond the amount of taxes applicable to the payment of such debts or liabilities, which shall have been voted to be raised in such village according to law."

"No officer of such village shall have power to assent to incurring any debt or liability on the part of such village, contrary to the provisions of this act; nor shall any such debt or liability be paid from the money or property of such village; but all such officers assenting or assuming to assent to any such debt or liability, contrary to the provisions of this act, shall be jointly and severally liable, in their individual capacities, to pay the same." (Laws of 1873, chapter 370, sections 100, 101.)

If these provisions of the charter have reference to, or apply to, the plaintiff's claim, there might be force in the defendant's contention; but in construing the charter, we must take into consideration all of its provisions, and so construe them as to make them harmonious with each other, if possible; and if we find provisions requiring the trustees to contract for terms of years in advance, thus incurring liabilities which could not have been included in an annual assessment, we must deem such provisions excepted from those above referred to. Upon referring to subdivision 14 of section 51 of the charter, we find that the trustees are required, among other things, to "contract with any water company for a supply of water for extinguishing fires, and for the uses of said village at such times and in such manner as the wants of the village may require, but no contract for water or gas shall be for a longer term than three years; and said board of trustees are hereby authorized to insert the annual amount of said bill for water or gas so contracted for in the annual tax levy without submitting the same to a vote of the people." Here we have an authority on the part of the

trustees to contract before the taxes applicable thereto are levied; they may contract for a period of three years, and they may insert the amount of the annual contract in the tax levy for that year, without submitting the same to a vote of the people. This presents an entirely different scheme for the contracting of liabilities from that included in sections 100–101, and must, therefore, be deemed to be excepted from, and not included in, those provisions. It is true that no express contract was entered into between the parties for the three years in controversy; but the water was furnished by the plaintiff and accepted by the defendant during that time under circumstances in which the law will imply a contract to pay what the water was fairly and reasonably worth for the period.

Some question has been made with reference to the finding that the village was liable for the water used for the sprinkling of the streets. The undisputed evidence shows that the village constructed and maintained the cranes from which the water was taken for sprinkling purposes; that it, also, paid one man four dollars per month for sprinkling Orange square. It thus appears that there was some evidence in support of the finding of the trial court, and inasmuch as that finding has been affirmed in the General Term, the question is not open for further consideration in this court.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.