Pocasset Ice Company *vs.* William E. Burton, Town Treasurer of the Town of Johnston.

DECEMBER 20, 1912.

Present: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Town Councils. Highways.*

Town councils are vested with full authority in the matter of laying out, altering, repairing and maintaining highways. Execution of this authority may be by committee of the town council or by highway surveyor.

*(2)   Town Councils.   Municipal Corporations.   State Roads.*

As a town has express authority under the provisions of General Laws, 1909,. Chapter 84, to contract for the construction of State roads within the limits of the town, where for the purpose of carrying out the work, it needs road' machinery, the town council is authorized to fix the rate of compensation to be paid for the use of such road-making machinery.

*(3)   Municipal Corporations.   Implied Contracts.*

A municipality having general power to contract with reference to the subject. matter of an express contract invalid for some irregularity in the execution thereof, is liable upon an implied contract for any benefit received there-under, where the form or manner of letting or execution does not violate any statutory restriction upon the power of such corporation to contract. and it is not otherwise violative of public policy.

*(4)   Municipal Corporations.   Implied Contracts.   State Roads.*

Where a town entered into a contract with the State for the construction of a. portion of a State road, which contract was fully performed and the contract price paid by the State to the town, although plaintiff cannot show an express authority on the part of a committee of the town to make an express con-tract with him for a definite price for the compensation to be paid for the use of road-making machinery belonging to plaintiff, he is entitled to recover· upon a *quantum valebat* a fair compensation for the use of such machinery for such time as the town actually used the same in carrying out the contract. and earning the money which it received.

ASSUMPSIT.   Heard on exceptions of plaintiff and sus-tained.

PARKHURST, J.   This is an action of assumpsit brought by the plaintiff to recover compensation from the town of Johnston for the use of a stone-crusher and engine belonging. to the plaintiff under the circumstances set forth in the declaration and bill of particulars, for eighteen weeks and eight days, between June 23 and November 24, 1906, and' between September 24 and November 8, 1907.

The plaintiff's second amended declaration, upon which the case is now before this court, originally contained five· counts, of which the fourth and fifth were withdrawn by agreement of both parties filed in this court, after the case· reached here upon the plaintiff's exception.

This declaration in the first count sets forth that the town of Johnston, a municipal corporation in the county of Provi-

dence, did by John Walch, a committee duly authorized by the town council of said town, make a bid to the State of Rhode Island for the construction of a certain section of highway in said town, which bid, in behalf of said town, was made after due advertisement by the State Board of Public Roads had been published inviting proposals, etc.; was for the construction of 8,500 feet in length and 14 feet in width of said road, for the sum of $5,950.80; and was accepted by said State Board April 25, 1906; and that a contract in accordance therewith was executed May 2, 1906, between the State Board of Public Roads and the said town acting through John Walch, its duly authorized committee for that purpose; that said town, by said Walch, its committee, etc., entered upon the performance of said contract, and that, in doing said work, certain road-making machinery, including a stone-crusher and engine was necessary and required; and that said town by its said committee, in June, 1906, bargained and agreed with the plaintiff for the use of its stone-crusher and engine at the rate of $10 per day or $60 per week; upon which agreement the plaintiff delivered to said committee its said stone-crusher and engine and the said town had the use of the same in the performance of the work under said contract from June 23 to November 24, 1906, for eighteen weeks, amounting to $1,080; concluding in *indebitatus assumpsit* in common form.

The second count by reference includes the inducement alleged in the first count, and sets forth a claim for the use of the same stone-crusher and engine for eight days between September 24 and November 8, 1907, in the sum of $80; and concludes in *indebitatus assumpsit* as before.

The third count by reference includes the same inducement alleged in the first count, and claims for the use of said stone-crusher and engine for 116 days, at $10 per day, amounting to $1,160; and concludes, as follows: "And said Town has received from said State of Rhode Island compensation for the doing and performing of its aforesaid contract with the State for the construction of said highway according

to the terms of its contract to the amount of Fifty Nine Hundred Fifty Dollars and Eighty Cents ($5,950.80). Whereby, said Town having made use of the appliances aforesaid furnished by the plaintiff and thereby obtaining compensation therefor, became justly indebted to the plaintiff for a fair compensation for the use of said appliances and, being so indebted, in consideration thereof, assumed on" (itself) "and to the plaintiff promised to pay the same upon request."

This third count, while claiming, as in the other counts, that a contract was made for a definite sum, nevertheless concludes with a claim for a fair compensation, and is to be regarded as a count on a *quantum valebat.*

The remaining counts including the common counts are withdrawn by agreement of parties; the declaration further contains allegations of the due presentment of the claim to the town council, and no satisfaction thereof within forty days, etc.

The defendant demurred upon five grounds, as follows:

1st.   The declaration does not set forth a good cause of action against the town of Johnston.

2nd.   The declaration fails to allege that a financial town meeting gave authority to John Walch, in its behalf, to enter into a contract with the State of Rhode Island for the construction of a section of the State road.

3rd.   The declaration fails to allege any vote of the town council authorizing the said John Walch to act as a committee to enter into a contract with the State for the construction of a State road.

4th.   The declaration fails to allege any vote vesting authority in any officer or agent of the town of Johnston to contract for the use of road machinery in connection with the construction of a section of a State road.

5th.   The declaration fails to set forth any facts to support the common counts which are set forth in the complainant's declaration.

This demurrer was sustained by decision of the Superior Court, and the plaintiff duly noted exception to said decision; the case is before this court upon said exception.

The fifth ground of demurrer, as applying to the common counts has become immaterial, on account of the withdrawal of the counts to which it applies.

Certain statutory provisions relating to highways may be summarized here as a preliminary to the discussion of the questions raised upon demurrer.

Town councils of the several towns may order highways to be laid out, so far and through such part of their respective towns as they may judge necessary. General Laws, 1909, Chap. 82, § 1.

Town councils may lay out, alter, or abandon highways and driftways. General Laws, 1909, Chap. 82, § 28.

Town councils shall have like control of any highway or driftway laid out by the General Assembly, and the town in which the same lies shall be subject to like duties and liabilities in relation thereto, as they respectively have or are subject to in case of highways laid out by a town council. General Laws, 1909, Chap. 82, § 29.

Highways, etc., lying within the bounds of any town shall be kept in repair and amended so that the same may be safe and convenient for travelers, etc., at the proper charge and expense of such town, under the care and direction of the town council of such town. General Laws, 1909, Chap. 83, § 1.

The town is required to make an annual appropriation of such sums of money as the electors deem necessary for the maintenance and repairs of its highways, etc. In case any town shall fail to make such appropriation, the town council thereof shall make such expenditures upon the highways and bridges of said town as may be necessary to comply with the provisions of Section 1 of this chapter. General Laws, 1909, Chap. 83, § 3.

Appropriations for highway work shall be proportioned and expended under the direction of the town council, or a

committee of their own members appointed for the purpose; they shall also fix the rate of compensation to be paid for men, teams, road-making machinery, and materials to be employed or used in their respective towns. General Laws, 1909, Chap. 83, § 4.

The money allotted for highway work may be expended by contract, if the council so determine. General Laws, 1909, Chap. 83, § 5.

The surveyors of highways are to execute the direction of the town council and have general oversight of the highways. General Laws, 1909, Chap. 83, § 7.

(1)   It is thus seen that by statute the town council is vested with full authority in the matter of laying out, altering, repairing and maintaining highways. Execution of this authority may be by committee of the town council, or highway surveyor.

As to State roads, Chapter 84 of General Laws (1909), "Of the construction, improvement, and maintenance of State roads," at Section 5 gives to towns a preference over other persons in the matter of construction of State roads, as follows: "*Provided,* that the proposal of any town or city possessing or having the use of adequate road-machinery made in answer to the aforesaid advertisements, not exceeding the minimum sum named in any other proposal made as aforesaid for performing said road construction or improvements, shall have the preference for such main highway or portion of such main highway lying within the limits of such town or city, over the proposal of any other person." The General Assembly therefore has expressly recognized the capacity of a town to do and perform road construction on the State roads.

It is to be noted, also, that the provisions of Chapter 83, Section 4, above referred to, expressly authorized the town council "to fix the rate of compensation to be paid for" . . . "road-making machinery and materials" to be used, etc., and that Chapter 84, Section 5, above quoted, makes necessary the possession or use of adequate road

machinery on the part of a town or city as a condition precedent to the preference to be given to such town or city in the matter of construction of State roads.

(2)   From all these considerations it is manifest that the town of Johnston had, by legislative authority, the power to make a bid and to contract for the construction of a portion of State road within the town, and that for the purpose of carrying out the work it needed adequate road machinery. It is also apparent that the town council had the power to fix the rate of compensation to be paid for the use of road-making machinery.

Two questions are sought to be raised by the demurrer: *first*, that the plaintiff has no right of action, because it does not appear that authority to make the contract with the State was given by a financial town meeting; *second*, because it does not appear that there was any vote of the town council authorizing Walch as committee to enter into the contract with the State for the construction of a State road, or that there was any vote authorizing the contract for the use of road machinery.

Upon the state of facts set forth in the declaration, this court is of the opinion that both these questions are immaterial.   Granting, for the sake of argument, that there was no lawful preliminary action on the part of the town through its financial town meeting or its town council whereby a valid and enforceable contract for the construction of a State road or for the hire of road-making machinery could lawfully be made, as it was made, on behalf of the town, as set forth in the declaration, we have here a case where the actual contract which was made, has been fully executed, the road built, the road-making machinery used, and the contract price paid to and received by the town; and where the power of the town to make such a contract, and of the town council to fix the rate of compensation for the use of road-making machinery is expressly conferred by statute. The case comes within the well recognized rule of liability which is well stated and supported by authority in 27 L. R. A.

(3) (N. S.) 1117, note: "A municipality or other public cor-
poration having general power to contract with reference
to the subject-matter of an express contract invalid for some
irregularity in the execution thereof is liable upon an implied
contract for any benefit received thereunder, where the form
or manner of letting or execution does not violate any
statutory restriction upon the power of such corporation
to contract, and it is not otherwise violative of public policy."
(See cases generally as cited under said note.)   See, also,
I Dill. Mun. Corp. (4th Ed.) § 459; *San Francisco Gas Co.*
v. *San Francisco,* 9 Cal. 453; *Argenti* v. *San Francisco,*
16 Cal. 255; *Higgins* v. *San Diego,* 118 Cal. 524; *Contra
Costa Water Co.* v. *Breed,* 139 Cal. 432; *Brush E. Lt. & P.
Co.* v. *Montgomery,* 114 Ala. 433, 445–6; *Lincoln Land Co.* v.
*Grant,* 57 Neb. 70, 77; *Nebraska Bitulithic Co.* v. *Omaha,*
84 Neb. 375; *Port Jervis W. Co.* v. *Vil. of Port Jervis,* 151
N. Y. 111.

In *San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 453,
*supra,* where it appeared that the plaintiff had a valid con-
tract for the supply of certain quantities of gas to the
defendant, and that at the same time it furnished other gas
for various public buildings and departments without any
express contract, it was held after mature consideration,
that the plaintiff was entitled to recover for the value of
gas so furnished without express contract.   In the course of
a very clear and convincing discussion of the principles
involved, Field, J., after a reargument upon certain questions
of pleading, makes the following remarks (p. 469):   "Upon
these facts, the appellant asserts a right to recover against
the defendant for the gas furnished.   The respondent
denies the right upon the sole ground that there was no
evidence of any ordinance of the common council author-
izing the furnishing of the gas.   The proposition of the
respondent is that a municipal corporation can incur no
liabilities otherwise than by ordinance.   The position, in
its full extent, is not tenable.   Under some circumstances, a
municipal corporation may become liable by implication.

The obligation to do justice rests equally upon it as upon an individual. It cannot avail itself of the property or labor of a party, and screen itself from responsibility under the plea that it never passed an ordinance on the subject. As against individuals, the law implies a promise to pay in such cases, and the implication extends equally against corporations. This is as well established by the authorities as any principle of law can be." And after a discussion of several authorities in support of the above quoted statements, the opinion further says (p. 471): "The reasoning of the Court, in this case, is applicable to the facts of the case at bar. The defendant has received the benefit of the plaintiff's labor and materials for over a year and a half, and it ill comports with fair dealing that it should now seek to exonerate itself from liability, and the law will fail to effect its true end, if the defence interposed can prevail. The position contended for by the respondent, it is believed, is asserted in this State for the first time. The reports in other States are full of adjudged cases where actions upon implied contracts have been sustained against municipal corporations. They have been argued by able and distinguished counsel, and decided by eminent Judges, and the distinction has never been made between the liability of a private corporation and a municipal corporation, under circumstances analogous to those presented in the case at bar." And, again, after further citation of authority, the opinion says (p. 472): "Where the contract is executory, the corporation cannot be held bound unless the contract is made in pursuance of the provisions of its charter; but where the contract has been executed, and the corporation has enjoyed the benefit of the consideration, an implied assumpsit arises against it. It will be presumed, for the purposes of justice, that the authority exercised by the officers of the corporation was properly delegated to them, and that contracts made by them without authority, have been ratified."

In *Argenti* v. *San Francisco*, 16 Cal. 255 (*supra*), where a contract for street improvements had been fully executed, it was held that the plaintiff could recover, although it did not appear that the officer signing the contracts had express authority; it did appear that the work was beneficial to the city, had been duly accepted and approved by the city officers; and that the assessments levied upon the owners of adjacent real estate to pay for the improvement had been collected by the defendant.

See, also, under a somewhat similar state of facts, *Moore* v. *Mayor &c. of N. Y.*, 73 N. Y. 238, 250.

We are not unmindful of the fact that the cases of *San Francisco Gas Co.* v. *San Francisco, supra*, and *Argenti* v. *San Francisco, supra*, produced on certain points some division of opinion and that some attempt to limit the scope of those decisions was made in later cases (see *Zottman* v. *San Francisco*, 20 Cal. 96, 108); but it seems to this court that the latter opinion very hastily and somewhat inadequately deals with the former opinions, in the endeavor to show that they do not apply to the *Zottman* case; and that the general principles of the *Gas. Co.* case, and of the *Argenti* case were correctly laid down, in view of the general consensus of opinion of the other cases cited.

(4)    In view of the foregoing principles, this court is of the opinion that, as the declaration in the case at bar, as admitted by the demurrer, shows a contract completely executed for the construction of the road, and the payment of the contract price to the town; and that, although it does not show clearly an express authority on the part of Walch to make an express contract with the plaintiff for a definite price for the compensation to be paid to the plaintiff for the use of the road-making machinery so as to bind the town for such definite price of $10 per day, yet the plaintiff has stated in its third count a cause of action whereon it is entitled to recover a fair compensation for the use of such machinery for such time as the town actually used the same in carrying out the contract and earning the money which it has received; that

the third count is upon a *quantum valebat* for such fair compensation. We hold therefore that the third count sets forth a good cause of action, upon which the plaintiff upon proper proof thereof is entitled to recover; and the demurrer should have been overruled as to that count.

The plaintiff's exception is sustained, the decision of the Superior Court in sustaining the demurrer is reversed; and the case is remitted to the Superior Court sitting in the County of Providence, with direction to overrule the demurrer, and for further proceedings upon the third count of the declaration.

*John P. Beagan*, for plaintiff.

*Tillinghast & Collins*, for defendant. *James C. Collins*, of counsel.