THE CITY OF NEW YORK, Appellant, *v.* JAMAICA WATER SUPPLY COMPANY, Respondent.

Second Department, December 7, 1917.

**Municipal corporations — water supply, city of New York — power of commissioner to direct water company to extend its distribution system — statutes construed — order of commissioner enforced by mandamus.**

A corporation organized under section 80 of the Transportation Corporations Law for the purpose of supplying water to the authorities and inhabitants of the former town of Jamaica, now incorporated in the city of New York, is required by statute to supply said authorities and inhabitants with pure and wholesome water at reasonable rates and cost and, by virtue of section 472 of the charter of Greater New York, the commissioner of water supply, gas and electricity in his power to exercise superintendence, regulation and control in respect of the supply of water by such company may direct it to install new mains and hydrants at its own expense.

Such order of the commissioner will be enforced by mandamus where it is not capricious, arbitrary, unreasonable or tyranical.

The powers conferred upon said commissioner by section 472 of the Greater New York charter do not relate merely to the " sources " of water supply, but have to do with distribution to the municipal corporation and to individual consumers.

APPEAL by the plaintiff, The City of New York, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 1st day of September, 1917, denying its application for a peremptory writ of mandamus.

*William E. C. Mayer* [*Lamar Hardy, Corporation Counsel, Terence Farley* and *Edward S. Malone* with him on the brief], for the appellant.

*George H. Francoeur*, for the respondent.

STAPLETON, J.:

Notwithstanding the form of the title, the appeal is from a final order in a special proceeding denying an application made by the city of New York for a peremptory writ of mandamus.

The defendant became a corporation, pursuant to the provisions of section 80 of the Transportation Corporations Law, for the purpose of supplying water to the authorities and inhabitants of the former town of Jamaica, now incorporated in the city of New York as the fourth ward of the borough of Queens. The commissioner of water supply, gas and electricity of the city of New York made and served a written order directing the defendant to install forthwith, at its own expense, an extension of its distribution system as follows:

" In Phraner avenue, Jamaica locality, Borough of Queens, a new six-inch main from a connection with the Jamaica Water Supply Company's existing twelve-inch main in South street, southerly to a point in Cumberland street, a distance of approximately eleven hundred and fifty (1,150) feet, with three (3) fire hydrants on the westerly side of the same, one located just north of Atlantic street, another just north of Cumberland street, and another in the middle of the block, between Cumberland and Atlantic streets, all as shown on a blue-print sketch furnished to the Jamaica Water Supply Company in connection with permit No. 211, issued from the Queens Office of the Department of Water Supply, Gas and Electricity of the City of New York, under date of August 28th, 1916."

The defendant ignored the direction. This proceeding was then instituted.

In our opinion, the answering affidavits do not definitely raise an issue of fact beyond the authorized determination of the commissioner, and they state no facts which show that his order was capricious, arbitrary, unreasonable or tyrannical. (*People ex rel. Empire City Trotting Club* v. *State Racing Comm.*, 190 N. Y. 31; *Matter of Ormsby* v. *Bell*, 218 id. 212.)

The duties of the defendant and the powers of the commissioner are defined by statute: " Every such corporation shall supply the authorities or any of the inhabitants of any city, town or village through which the conduits or mains of such corporation may pass, or wherein such corporations may have organized, with pure and wholesome water at reasonable rates and cost, and the board of trustees of any incorporated

village and the water commissioners or other board or officials performing the duties of water commissioners, and having charge of the water supplies of any city of this State, shall have the power to contract in the name and behalf of the municipal corporation of which they are officers, for the term of one year or more for the delivery by such company to the village or city, of water through hydrants or otherwise, for the extinguishment of fires and for sanitary and other public purposes; and the amount of such contract agreed to be paid shall be annually raised as a part of the expenses of such village or city, and shall be levied, assessed and collected in the same manner as other expenses of the village or city are raised, and when collected shall be kept separate from other funds of the village or city, and be paid over to such corporation by such trustees or city officials, according to the terms and conditions of any such contract; and any such contract entered into by the board of trustees of any village, or by water commissioners or other board performing the duties of water commissioners and having charge of the water supply of any city, shall be valid and binding upon such village or city, but no such contract shall be made for a longer period than ten years nor for a sum exceeding in the aggregate, two and one-half mills for every dollar of the taxable property of such village or city, per annum, except upon a petition of a majority of the taxable inhabitants of any such village or city, or portion thereof, which it is proposed to supply with pure and wholesome water, unless a resolution authorizing the same has been submitted to a vote of the electors of the village or city, in the manner provided by the village law or city charter, and approved by a majority of the voters entitled to vote and voting on such question at any annual election or special election duly called; and any board of trustees or board of water commissioners or other city officials, when so authorized, may make such contract for a term not exceeding thirty years, and the amount of such contract shall be paid in semi-annual instalments." (Trans. Corp. Law [Consol. Laws, chap. 63; Laws of 1909, chap. 219], § 81; *People ex rel. Urban W. S. Co.* v. *Connolly,* 164 App. Div. 163; affd., 213 N. Y. 706.)

" The commissioner of water supply, gas and electricity is

hereby authorized to examine into the sources of water supply of any private companies supplying The City of New York or any portion thereof or its inhabitants with water, to see that the same is wholesome and the supply is adequate, and to establish such rules and regulations in respect thereof as are reasonable and necessary for the convenience of the public and the citizens; and the said commissioner may exercise superintendence, regulation and control in respect of the supply of water by such water companies, including rates, fares and charges to be made therefor, except that such rates, fares and charges shall not, without the consent of the grantee, be reduced by the said commissioner beyond what is just and reasonable; and in case of a controversy, the question of what is just and reasonable shall be finally determined as a judicial question on its merits by a court of competent jurisdiction." (Greater N. Y. Charter [Laws of 1897, chap. 378], § 472, as amd. by Laws of 1901, chap. 466.)

The positive duty to supply the authorities or any of the inhabitants of the designated locality with pure and wholesome water at reasonable rates and cost is imposed by plain words, commonly used. The power of the commissioner to "exercise superintendence, regulation and control in respect of the supply of water by such water companies, including rates, fares and charges to be made therefor," is conferred by words no less plain.

The argument successfully addressed to the learned Special Term by the respondent is repeated here, viz., that the powers conferred by section 472 of the Greater New York charter relate only to the sources of supply. To sustain the argument, words of plain import and definite meaning, written into the statute, must be disregarded as inexpressive. The context strengthens the conviction that the limitation is unwarranted. What relation can " rates, fares and charges " have to sources of supply? Certain powers, expressly prescribed, have to do with sources of supply, and certain powers, expressly prescribed, have to do with distribution to the municipal corporation and to individual consumers. We think the order was valid and that obedience to it should be enforced.

The order should be reversed, with ten dollars costs and

disbursements, and the motion for a peremptory writ of mandamus granted, with fifty dollars costs.

THOMAS, MILLS, RICH and BLACKMAR, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for peremptory writ of mandamus granted, with fifty dollars costs.