THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF NEW YORK, Appellant, *v.* QUEENS COUNTY WATER COMPANY, Respondent.

New York city — municipal corporations — water works — authority of commissioner of gas, electricity and water supply to direct water works company to install water mains and hydrants — legal duty of city to pay reasonable compensation — when peremptory writ of mandamus to compel compliance with order properly issued.

1. The commissioner of gas, electricity and water supply of the city of New York was clothed with authority to make an order directing the defendant to install water mains and hydrants in certain streets, and a duty was imposed upon defendant to comply with the same though no contract existed between it and the city and no offer of compensation was made by the city. (*City of New York* v. *Jamaica Water Supply Co.*, 181 App. Div. 49; affd., 226 N. Y. 572, followed.)

2. The statute under which defendant exercises its franchise imposed upon it a specific duty to furnish water for domestic service and fire protection. When such duty is performed under order from an officer of the city empowered to issue the same a legal duty arises on the part of the city, in the absence of a contract, to pay a reasonable compensation to defendant for the service rendered, and a failure to so compensate defendant gives to the company a right of action to recover upon implied assumpsit.

3. The interests of the public cannot be jeopardized by the failure of public service corporations to supply water for domestic service and fire protection pending a controversy between such corporations and municipalities as to the rate of compensation to be paid for such service, and where ample remedy existed in favor of defendant to secure reasonable compensation upon compliance with the order made, a peremptory writ of mandamus was properly issued.

*People ex rel. City of New York* v. *Queens Co. Water Co.*, 197 App. Div. 356, reversed.

(Argued November 22, 1921; decided January 10, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 21, 1921, which modified an order of Special Term by striking therefrom a provision

278   People ex rel. City of N. Y. *v.* Queens Co. W. Co.

[232 N. Y. 277]            Statement of case.            [Jan.,

awarding relator a peremptory writ of mandamus and substituting in place thereof a provision awarding relator an alternative writ of mandamus.

The following questions were certified:

" 1. In the absence of any contract between the Queens County Water Company and the city of New York for fire protection, is there a duty imposed upon the said company to install at its own expense additional hydrants, connections and mains (the need of said additions for adequate fire protection not being questioned by the company), pursuant to orders of the commissioner of water supply, gas and electricity of the city of New York, issued without the approval of or request for said additions by any city officer or board other than the commissioner of water supply?

" 2. Does the rate-fixing order issued by the commissioner of water supply, gas and electricity of the city of New York, under date of June 1, 1915, and accepted by the company, whereby a rate was fixed for the service then being rendered by the company through its existing plant, impose an obligation upon the company to make additions to its plant without further provision for compensation other than is provided by said order irrespective of the changed conditions which the company alleges make the compensation provided in said order inadequate to meet the cost to the company for taxes, maintenance and depreciation on account of the proposed additions?

" 3. Is the Queens County Water Company under a duty to comply with the request of the authorities of the city of New York to make additions to its existing fire protection service without an offer of compensation therefor from the city which is reasonable and fair?

" 4. Is the city of New York entitled to a peremptory writ of mandamus on the record presented? "

*John P. O'Brien, Corporation Counsel* (*John F. O'Brien, Elliot S. Benedict* and *Robert J. Culhane* of counsel), for

appellant. The function of mandamus is to compel the performance of a duty and not to determine issues respecting detailed value. (*Morrell* v. *B. B. Gas Co.,* 231 N. Y. 398.) Since respondent's ultimate right to adequate compensation is secure either by agreement of the parties or by operation of law, the city, through its agent, the commissioner of water supply, possesses a clear and absolute legal right, at the present time, to compel respondent to install at its initial expense such water mains and fire hydrants as respondent concedes to be necessary for fire protection. (L. 1909, ch. 219, § 81; N. Y. Charter, § 472; *People ex rel. N. Y. & Q. Gas Co.* v. *McCall,* 219 N. Y. 84; *City of New York* v. *Jamaica W. S. Co.,* 181 App. Div. 49; 226 N. Y. 572; *W. T. Water Works* v. *Vil. of Green Island,* 32 Hun, 530; *S. I. Water Supply Co.* v. *City of New York,* 144 App. Div. 318; *Harlem Gas Co.* v. *Mayor, etc.,* 33 N. Y. 309; *Kramrath* v. *City of Albany,* 127 N. Y. 575.)

*Henry de Forest Baldwin* for respondent. The company is under no duty to increase its existing fire protection service until requested so to do by the city authorities authorized to make such a demand on the city's behalf. The company is not required to comply with such a request at its own expense but only upon terms which assure to it " reasonable rates and cost " for its service. (*R. & L. O. W. Co.* v. *City of Rochester,* 84 App. Div. 71; *Staten Island Water Supply Co.* v. *City of New York,* 144 App. Div. 318; *Denver* v. *Denver Union Water Co.,* 246 U. S. 178; *Skaneateles W. W. Co.* v. *Vil. of Skaneateles,* 161 N. Y. 154; 184 U. S. 354.)

HOGAN, J. The respondent is a public service corporation, engaged in the supply of water for domestic purposes and fire protection, subject to the provisions of section 81 of the Transportation Corporations Law, (Cons. Laws, ch. 63), and as such has been for many years

engaged in supplying water to the city of New York for the purpose of fire protection and domestic service. Since the year 1902 contracts for such service have not existed between the city and defendant, although service has been continued by defendant.

In the years 1916–1917 the commissioner of water supply, gas and electricity of the city of New York directed the defendant to install fire hydrants and some mains in certain specified streets. The orders so issued were only meagerly complied with.

May 8th, 1919, the commissioner of water, etc., addressed a communication to defendant in which he made reference to the various orders theretofore served on defendant, a failure on the part of the latter to fully comply with the same and that a recent inspection had been made to determine what mains and hydrants should be installed to complete the same. That in view of the high cost of material and labor prevailing he intended to modify the orders theretofore made so that the work to be done should be limited to the installation of only such mains and hydrants as are absolutely essential at this time for domestic service and fire protection as hereinafter described; all other work included in the former orders for the time being deferred.

The communication then continued with an order directing defendant to install not later than July 15th, 1919, the extensions to and additional hydrants on its distributive system specifically enumerated therein, embracing thirty-eight hydrants and five mains.

October 24th, 1919, only two hydrants had been installed. On that day the commissioner ordered defendant to proceed with the installation required in the order of May 8th, so that all of the work specified might be completed before the end of the current year.

Practically three hundred buildings, including a hospital and two hotels, in addition to railroad yards, would be afforded fire protection had defendant complied with

the order.   Defendant having failed to comply with the order of the commissioner, the relator applied at Special Term for and was granted a peremptory writ of mandamus requiring defendant to comply with the same.   Upon appeal to the Appellate Division the latter court modified the order of the Special Term so as to provide that an alternative writ of mandamus issue requiring compliance with the order, the opinion holding that defendant before being coerced into obedience of the order should have a hearing regarding such orders and how far they commit the city for compensation.   One of the justices dissented and voted to affirm upon the ground that the defendant had ample remedy under the statute, and that a just public policy requires that the execution of the order shall not await the determination of the question of the fairness of the rate.

Defendant does not contend that it is not obliged to supply the city with fire protection service.   To such admission it adds a proviso that the request must be made by the proper city authorities and provision made for fair compensation.

Defendant does not contend that the commissioner of water supply has not authority under the city charter to regulate its existing service or to order extensions in proper cases, where such extensions are necessary to meet the reasonable requirements for fire protection, but limits the concession to municipal corporations as are able and willing to contract with the company at a rate which is reasonable.

The Appellate Division evidently adopted the views entertained by defendant as above stated and held that defendant was entitled to a hearing regarding the orders of the commissioner and how far the city was committed for compensation thereunder, holding that the power of the commissioner to contract and the obligation of the city to pay for new structural additions appear in doubt.

The effect of the decision made is to deny to a populous

portion of the city of New York necessary protection against fire until the final determination of a trial on an alternative mandamus. The question of the power of the commissioner is a question of law, dependent upon a construction of the charter provision. No question is raised that the orders were capricious or arbitrary. The question as to how far the orders of the commissioner commit the city for compensation for new hydrants is likewise a question of law. The single question of fact which could arise would be the reasonable compensation to be paid. Upon such fact either party could demand a trial by jury.

That the commissioner of gas, electricity and water supply was clothed with authority to make the order; that a duty was imposed upon defendant to comply with the same though no contract existed between it and the city and notwithstanding an offer of compensation was not made by the city was considered and adjudicated by this court in *City of New York* v. *Jamaica Water Supply Co.* (181 App. Div. 49; affd.; 226 N. Y. 572)

The statute under which defendant exercises its franchise imposed upon it a specific duty to furnish water for domestic service and fire protection. When such duty is performed under orders from an officer of the city empowered to issue the same a legal duty arises on the part of the city, in the absence of a contract, to pay a reasonable compensation to defendant for the service rendered, and a failure to so compensate defendant gives to the company a right of action to recover upon implied assumpsit. (*North River Electric L. & P. Co.* v. *City of N. Y.,* 48 App. Div. 14; *Staten Island Water Supply Co.* v. *City of New York,* 144 App. Div. 318; *Port Jervis Water Works Co.* v. *Village of Port Jervis,* 151 N. Y. 111.) The interests of the public cannot be jeopardized by the failure of public service corporations to supply water for domestic service and fire protection pending a controversy between such corporations and municipalities

as to the rate of compensation to be paid for such service. Ample remedy existing in favor of defendant to secure reasonable compensation upon compliance with the orders made, the peremptory writ of mandamus was properly issued.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division. Questions certified answered as follows: Numbers one, three and four in the affirmative; number two, not answered.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.