In the Matter of the Application of the TOWN OF MAMARONECK, Respondent, for a Peremptory Mandamus Order against the NEW YORK INTER-URBAN WATER COMPANY, Appellant, to Extend Its Water Mains in Forest Avenue and to Install Five Fire Hydrants.

In the Matter of the Application of JAMES S. DOWLING and Others, Respondents, for a Peremptory Mandamus Order against the NEW YORK INTER-URBAN WATER COMPANY, Appellant, to Extend Its Water Mains in Forest Avenue and to Install Five Fire Hydrants.

Second Department, November 3, 1922.

Water companies — peremptory mandamus order directing water company to extend its service affirmed — company operated in town — town board requested extension in water supply district it had established — extension would not cause town to exceed statutory limit of expenditure for water — Transportation Corporations Law, § 81, obligated company to make extension and gave town board power to compel it so to do — duty of board ministerial — no power in court to determine reasonableness of requirements of board.

A peremptory mandamus order directing a water company operating in a town to extend its mains and install fire hydrants in a water supply district established by the town board will be affirmed, where it appears that the town board requested such extension of service and that the statutory limit of expenditure by the town will not be exceeded because of such extension, as, under such circumstances, section 81 of the Transportation Corporations Law makes it the duty of the water company to supply water at reasonable rates to such district and, by implication, confers upon the town board power to compel the

water company to perform its statutory duty to supply water. The duty and power of determining the need of extension of the service is ministerial, not judicial, and the court has no power to determine the question of the reasonableness of the requirements of the town board.

APPEAL by the New York Inter-Urban Water Company from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Westchester on the 27th day of September, 1922, granting petitioners' application for a peremptory mandamus order directing the appellant to extend its water mains and install certain fire hydrants.

*Arthur M. Johnson,* for the appellant.

*J. Henry Esser,* for the respondents.

YOUNG, J.:

Originally there were two applications for peremptory mandamus orders, for the same extension, one by the town of Mamaroneck, and the other by prospective private consumers, and separate answers to each application, but upon the hearing the applications were consolidated and only one peremptory mandamus order made.

The locality in question, Forest avenue, is situated in that portion of the town of Mamaroneck " outside of a city or incorporated village," and the New York Inter-Urban Water Company is a water works corporation authorized to supply water and operating in the town of Mamaroneck.

The statute which applies to the matter at bar is section 81 of the Transportation Corporations Law, which is as follows so far as material to the question involved:

" § 81. Must supply water; contracts with municipalities. Every such corporation shall supply the authorities or any of the inhabitants of any city, town or village through which the conduits or mains of such corporation may pass, or wherein such corporations may have organized, with pure and wholesome water at reasonable rates and cost,  *  *  *.  The town board of any town may establish a water supply district in such town outside of a city or incorporated village therein, by filing a certificate describing the bounds thereof, in the office of the town clerk; and may contract in the name of the town for the delivery, by a corporation, subject to the provisions of this article, of a supply of water for fire, sanitary or other public purposes, to such districts, and the whole town shall be bound by such contract, but the rental or expense thereof shall annually, in the same manner as other expenses of the town are raised, be assessed, levied upon and collected only from the taxable property within such water supply district.   Such

Second Department, November, 1922. [Vol. 203

money, when collected, shall be kept as a separate fund and be paid over to such corporation by the supervisor of the town, according to the terms and conditions of any such contract. No such contract shall be made for a longer period than five years, nor for an annual expense exceeding three mills upon each dollar of the taxable property within such water supply district, provided, however, that where the population of the water supply district does not exceed one thousand inhabitants such contract may be made for a period not longer than ten years."

The town board of the town of Mamaroneck has established a water supply district, and the town official, Sherman, says that Forest avenue is within the bounds of that district as established November 12, 1915, and as extended and established September 4, 1917. The taxable property within the district is $4,039,075, upon which the maximum annual expense by contract for water for public purposes of three mills on the dollar would be $12,117. At the present time, the water company has installed and the town board is paying for forty-eight fire hydrants in the district at the rate of $40 each per year or a total annual expense of $1,920. No formal contract, however, exists between the town board and the water company, and while one did exist from 1905 to 1910, that contract did not include or cover the territory in which Forest avenue is located. The water company, however, where it supplies water, receives its rates fixed after a valuation of its property in a recent rate case in the New York Supreme Court.

The portion of Forest avenue involved in the matter at bar is 2,085 lineal feet in length from Weaver street northerly to Rockland avenue and the cost of the extension will be $8,436.35, based on careful estimates. In this statement, we do not overlook the estimate of the town's engineer of $7,844.91, but the larger figure must be regarded as established not only because based on soundings, while the town engineer's was not, but because otherwise there would be an issue of fact upon which only an alternative mandamus order could issue.

The papers on appeal show that there are ten houses on the lineal length of 2,085 feet of Forest avenue and eight houses on adjoining streets near Forest avenue, but these other eight houses can only be reached by further extensions at large additional expense.

Prior to the application negotiations were had between the town board and the water company. The town board passed a resolution requesting the extension. The water company in reply requested either (a) the deposit of the cost with the company with an agreement of refund of thirty-three and one-third per cent of

the gross revenue for a period of ten years; or (b) a guaranteed annual gross revenue on the main of $2,336.

The town board refused the terms suggested by the water company on March 16, 1922, and in effect demanded that the water company install the main at its own expense and without any guaranty of revenue.

On this main in Forest avenue the annual gross revenue at present rates would be for ten houses at $16 each or $160, and for five hydrants at $40 each, $200, making a total of $360.

The appellant contends that the provisions of section 81 of the Transportation Corporations Law, above set forth, confer no power upon a town board to make compulsory orders; that in the cases affecting private water companies within the city of New York, the charter of the city of New York gave express authority to the commissioner of water supply, gas and electricity to exercise superintendence, regulation and control in respect of the supply of water by such water companies, while there is no such provision in section 81 of the Transportation Corporations Law, and so the mere power to contract contained in that law does not confer any power to make compulsory orders, except upon proof that such orders are reasonable in regard to rates and cost.

Counsel for the appellant then insists that the cost of installing and maintaining the service with relation to the return on investment is a most important consideration in determining what is reasonable, and that public service commissions uniformly so hold. He then contends that the case of *People ex rel. City of New York* v. *Queens County W. Co.* (232 N. Y. 277) does not justify a mandamus to lay water mains regardless of cost and return.

In that case the commissioner of water supply, gas and electricity of New York city directed defendant to install thirty-eight hydrants and five mains which would afford fire protection to 300 buildings including two hotels and a hospital, in addition to railroad yards. Upon its failure to comply, a peremptory writ of mandamus was obtained at Special Term directing such compliance. In affirming such order the court said: " The statute under which defendant exercises its franchise imposed upon it a specific duty to furnish water for domestic service and fire protection. When such duty is performed under orders from an officer of the city empowered to issue the same a legal duty arises on the part of the city, in the absence of a contract, to pay a reasonable compensation to defendant for the service rendered, and a failure to so compensate defendant gives to the company a right of action to recover upon implied assumpsit. [*North River Electric Co.* v. *City of N. Y.*, 48 App. Div. 14; *Staten Island Water Supply Co.* v. *City of New York*, 144 App.

Div. 318; *Port Jervis Water Co.* v. *Village of Port Jervis*, 151 N. Y. 111.] The interests of the public cannot be jeopardized by the failure of public service corporations to supply water for domestic service and fire protection pending a controversy between such corporations and municipalities as to the rate of compensation to be paid for such service. Ample remedy existing in favor of defendant to secure reasonable compensation upon compliance with the orders made, the peremptory writ of mandamus was properly issued." (Pp. 282, 283.)

Appellant, however, concedes the power of the court by mandamus to order extensions upon proof that they are reasonably necessary under the clause " reasonable rates and cost," and to determine the question of reasonableness as an original proposition. In my opinion this court possesses no such power. The statute in question requires a water company to supply water at reasonable rates and cost in a district duly established by the town board. The town board of Mamaroneck has established such a district, and the *locus in quo* is within that district. The duty of the water company to supply water to such district is plain. How is performance of that duty to be compelled, and upon whose request or direction? The power and duty of the town board to determine the needs of its inhabitants and to establish such a district undoubtedly clothes it with power to make effective the purpose of its creation. It clearly follows, therefore, that in order to effect such purpose the town board must necessarily possess the incidental power to require the water company to perform this statutory duty to supply water to its inhabitants and to direct mains to be laid for that purpose. The duty and power of determining the need of extension of the service is ministerial, not judicial. It cannot reside in the courts, but was by clear implication conferred upon the town board. The power conferred by the statute upon the town board to contract with a water company for a supply of water implies the power to compel such company to enter into such a contract to supply the water as required by the statute. Unless this authority is conferred by necessary implication upon the town board, it does not exist.

It is the absolute duty of water companies, prescribed by the statute, to supply the authorities of any city, town or village through which the mains pass with pure and wholesome water at reasonable rates.

This being so, I do not think the Legislature intended, in enacting the statute in question, to leave the municipality helpless and without power to enforce the water companies' obligation. That many municipalities and communities are without contract

with water companies for their supply of water is well known, and if these are to secure water only through contract, it places them at the mercy of the companies.   One of the purposes of the statute, I think, was to prevent such a situation.

The fact that the Greater New York charter (Laws of 1901, chap. 466, § 472) gave the commissioner of water supply, gas and electricity " superintendence, regulation and control in respect of the supply of water by such water companies " does not alter the principle to be applied.   If this language conferred express authority upon the commissioner to require such extensions, it can have no greater force than like authority conferred upon a town board by plain implication from the language of section 81 of the Transportation Corporations Law.   In other words, if a statute confers authority upon a public body, it is of no importance whether that authority is express or implied.

In the *Queens County Water Co.* case it was urged, as it is in the case at bar, that authority to order extensions in proper cases to meet reasonable requirements of fire protection was limited to municipal corporations able and willing to contract with the company at a rate which was reasonable (p. 281), but the court held that the interest of the public could not be jeopardized by the failure of the company to supply water pending a controversy as to the rate of compensation.

A similar situation exists in the case at bar, and the reasoning of the Court of Appeals in the *Queens County Water Co.* case is applicable.   It cannot be said that the order of the town board of Mamaroneck was arbitrary, unreasonable, capricious or tyrannical, and so we must hold that it was acting within its power and duty in directing the extension.

The order should be affirmed, with ten dollars costs and disbursements.

JAYCOX, MANNING and KELBY, JJ., concur.

BLACKMAR, P. J.:

I concur in the result, for if the power to require the extension of the mains is not vested in the town board by the statute, nevertheless the power exists in this court to compel the water company to fulfill its franchise.

Order affirmed, with ten dollars costs and disbursements.