## SECOND DEPARTMENT, MARCH, 1924.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUGH P. ARTHUR and Others, as Fire Commissioners, etc., Respondents, *v.* HUNTINGTON WATER WORKS COMPANY, Appellant.

*Waterworks — peremptory mandamus granted to compel waterworks company to install hydrant in fire district on order of fire commissioners — fire commissioners have power under County Law, § 38, subdivision 3, to make order — powers of fire commissioners not limited to those enumerated in Town Law, § 317 — waterworks company bound to comply with order though contract with town has expired.*

Appeal from a peremptory mandamus order of the Supreme Court, made at the Kings Special Term and entered in the Suffolk county clerk's office October 23, 1923, directing defendant to install a fire hydrant.

Peremptory mandamus order unanimously affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice Hagarty at Special Term. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

The following is the opinion of the court below:

HAGARTY, J. This is an application for a mandamus order directing the Huntington Water Works Company to comply with the order of the fire commissioners of Huntington Manor fire department, directing the installation of a fire hydrant on Broadway, Huntington. The defendant has refused to comply with the order for the reason that the relators have no power to demand additional hydrants under the Town Law; that the contract to install water mains and hydrants has expired, and that since the expiration of the contract, it has continued to supply water to the fire districts only on the theory of *quantum meruit*. The relators are entitled to the relief sought. The powers and duties of the fire commissioners are not limited to those enumerated in section 317 of the Town Law.\* It is provided by subdivision 3 of section 38 of the County Law † that the fire commissioners shall be authorized and empowered " to procure supplies of water, and have control and provide for the maintenance and support of a fire department in such district." The fire commissioners were clothed with authority to make the order and a duty was imposed upon the defendant to comply with it. The defendant seems to labor under the impression that it is relieved of responsibility for the reason that the contract expired and none now exists between it and the relator. This is not the law, because the statute‡ imposes upon the defendant a specific duty to furnish water for fire protection. (*People ex rel. City of New York* v. *Queens County Water Co.*, 232 N. Y. 277.) For more than thirty-two years the defendant, a public service corporation, has been supplying water to the town of Huntington for the purpose of fire protection and domestic service. The contract expired in March, 1921, but the relator has since continued this service. When such obligation is fulfilled by the defendant, a legal duty arises on the part of the town, in the absence of a contract, to pay a reasonable compensation for the services rendered and failure to so compensate gives the company a right to recover upon *implied assumpsit*. (*North River Electric Co.* v. *New York*, 48 App. Div. 14; *Staten Island Water Supply Co.* v. *City of New York*, 144 id. 318; *Port Jervis Water Co.* v. *Village of Port Jervis*, 151 N. Y. 111; *People ex rel. City of New York* v. *Queens County Water Co.*, *supra*.) The defendant further contends that if the relief herein demanded be granted unreasonable requests may be made by the fire commissioners in the future, such as placing a hydrant in the center of the road or on private property. If such unreasonable demands be made in the future, appropriate remedies are open to the defendant. While there may be a difference of opinion as to the proper location for this hydrant, the order is not capricious, arbitrary, unreasonable or tyrannical and the determination of the commissioners is controlling. (*City of New York* v. *Jamaica Water Supply Co.*, 181 App. Div. 49.) Motion for a mandamus order granted, with costs.

---

\* Added by Laws of 1916, chap. 226.— [REP.

† Amd. by Laws of 1909, chap. 405, and Laws of 1919, chap. 256.— [REP.

‡ See Transportation Corporations Law, § 80 *et seq.*— [REP.