OPINION OF THE COURT
J. Raymond Amyot, J.
In this action for a permanent injunction and for monetary damages based on fraudulent misrepresentation, the plaintiff* moves for a preliminary injunction "[cjontinuing operation and maintenance of a sewage septic collection and treatment system serving Rivercrest subdivision, a subdivision developed by Walter J. Socha individually and as a corporation.”
Rivercrest Sewerage Disposal Corporation (sued herein as Rivercrest Sewage Corporation, Inc.) is a "sewage-works corporation” organized by the defendants Walter J. Socha and Sophie Socha in 1967 under article 10 of the Transportation Corporations Law. Since its incorporation it has operated the *123 sewer system in the Rivercrest Development in the Town of Clifton Park.
In April of 1978 the defendant Walter J. Socha notified the town that as of June 30, 1978 the system would be abandoned by the corporation and maintenance would be discontinued. The stock of the corporation, the keys to the facility and a deed to the real property were offered to and rejected by the Town Supervisor.
The plaintiff contends that now, when the equipment is out of repair and the facility is in violation of State conservation regulations, the developer, having sold all the homes in the subdivision, plans to abandon the system and force the town to provide necessary sewer service.
The defendants allege that the corporation has satisfied its statutory obligation by constructing the sewage disposal plant without cost to the municipality and operating it for over five years. They claim that the operation is not profitable and the corporation is facing bankruptcy.
The plaintiff town urges that section 121 of the Transportation Corporations Law prohibits abandonment of the facilities and mandates that the corporation continue collection, treatment and disposal of sewage within the subdivision for which it was incorporated. The section on which the plaintiff relies is entitled "Duty to supply sewage-works facilities” and it provides, inter alia, "[the] corporation shall supply” the municipality wherein it operates "with facilities or make provision for the collection, treatment and disposal of sewage at fair, reasonable, and adequate rates”.
The defendants contend that that section must be read together with section 119 of the same law which, in subdivision 2, requires "a reasonable guaranty from the corporation that said corporation will continue to maintain and operate the system for a period of at least five years”. In addition to that guarantee, section 119 (subd 3, par [a]) provides that "in the event of abandonment or discontinuance of the maintenance and operation of the system by the corporation” the stock of the corporation, which must be placed in escrow, "shall pass to the local governing body”. It is further provided by subdivision 4 of the same section that "[i]n the event of such abandonment or discontinuance of the maintenance and operation of the system, the local governing body shall have the right to continue the maintenance and operation of the system”. These provisions, the defendants insist, require the *124 corporation to operate and maintain the system for no more than five years, for which a guarantee must be posted, and thereafter the corporation may abandon the facility and discontinue its operation.
The extent and duration of the duty of sewage works corporations to supply facilities does not appear to have been judicially defined. Former section 81 (now section 42) of the Transportation Corporations Law, which regulates "WaterWorks Corporations” has been examined by the courts and the provision therein that "[e]very such corporation shall supply * * * pure and wholesome water, at reasonable rates and cost” has been interpreted to mean that municipalities served by the franchise can compel the waterworks corporation to install, at its own expense, extension of its distribution system. (See City of New York v Jamaica Water Supply Co., 181 App Div 49, affd 226 NY 572; Matter of Town of Mamaroneck v New York Inter-Urban Water Co., 203 App Div 122, affd 235 NY 563; People ex rel. City of New York v Queens County Water Co., 232 NY 277; People ex rel. Arthur v Huntington Water Works Co., 208 App Div 807.) That section, however, made no reference to abandonment or discontinuance of the system. There was no provision for a guarantee from the corporation assuring continued operation for any limited period, nor did the section provide for the stock of the corporation to be placed in escrow and to pass to the local governing body in the event of abandonment or discontinuance by the corporation.
The Transportation Corporations Law, since its enactment in 1909 and its general revision in 1926, has been entitled "AN ACT in relation to transportation corporations, excepting railroads, constituting chapter sixty-three of the consolidated laws.” By separate articles it deals with gas and electric corporations, telegraph and telephone corporations, waterworks corporations, omnibus corporations, ferry corporations, pipeline corporations, freight terminal corporations, district steam corporations and since 1960 with sewage works corporations. In none of the articles of that law except that dealing with sewage works corporations is there any reference to abandonment or discontinuance of the facilities or services to be provided by the various corporations. It must be assumed that when the Legislature added those provisions and made them applicable only to sewage works corporations, it did so meaningfully and for some purpose. The apparent purpose *125 was to provide for the establishment of this most vital service, essential to the health and welfare of the inhabitants of the subdivision, without expense to the municipality. This type corporation is generally organized on a much smaller scale to serve a much smaller market than the other corporations authorized under the same consolidated law. The language of the statute anticipates that after at least five years the operators might find it to their advantage to abandon and discontinue the facilities and shift to the local governing body the burden of providing sewage disposal service. The legislative jacket which reflects the evolution of article 10 of the Transportation Corporations Law reveals that such possibility was envisioned but the only enacted safeguards against early abandonment were the requirements for a completion bond and a bond guaranteeing maintenance and operation by the corporation for at least five years. To ensure continued service after that period, section 119 (subd 3, par [a]) provides that the local governing body shall become the sole stockholder of the corporation upon abandonment or discontinuance and by subdivision 4 of the same section, the local governing body is empowered to continue maintenance and operation of the facility until such time as another corporaton undertakes the operation of the system or it becomes part of a municipal sewer system.
It is unclear from the papers submitted on the motion whether, as yet, there has been actual abandonment and discontinuance or whether it is merely threatened. Neither is critical to the determination of the motion, however.
It is within the contemplation of the article pursuant to which the corporaton was formed that after five years of operation abandonment or discontinuance of the system may occasion. In such event, the local governing body becomes the sole stockholder of the corporation and as such may continue the service until the system becomes part of a municipal or sewer district system. (Transportation Corporations Law, § 119, subd 4.) That legislative scheme provides for all eventualities and leaves to the local governing body the decision as to whether the inhabitants are to be provided with facilities for sewage disposal. Intervention by the courts would be superfluous. It would be idle for the court, at the request of the sole stockholder, to compel the corporation to do that which the sole stockholder could and should do by management and operation.
*126 Likewise, there is no power in the court to compel the individual defendants or the defendant biulding corporation to continue operation and maintenance of the system. They have no franchise. They have no right or duty to operate the system. The franchise is granted to the defendant sewerage disposal corporation and the court has no power to compel strangers to furnish services which the Legislature has authorized another to provide.
As to all defendants the motion is denied, without costs.