PEOPLE ex rel. RAU v. YORK et al.[1]

(Supreme Court, Appellate Division, Second Department.　June 14, 1898.)

MANDAMUS—ALLEGATIONS IN AFFIDAVIT—DENIAL.

　　Upon an application for a mandamus, a positive allegation in the affidavit of the moving party is not put in issue by a denial, or by affirmative allegations in opposition, made only on information and belief, unless under special circumstances, and where the sources of information and grounds of belief are also satisfactorily shown.

Appeal from special term, Queens county.

Application by the people, on the relation of Robert Rau, for a writ of mandamus commanding Bernard J. York and others, as police commissioners of the city of New York, to recognize relator as a member of the police force, and assign him to duty as such, and prepare and certify a pay roll for the salary due to relator as such policeman for January, 1898, at the rate of $800 a year. From an order granting the same, defendants appeal. Affirmed.

[1] For opinion on motion for reargument, see 52 N. Y. Supp. 1060.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Almet F. Jenks, for appellants.

Joseph A. Burr, for respondent.

WILLARD BARTLETT, J. The only point argued in behalf of the appellants is that the affidavit read in opposition to the relator's application for a mandamus raised an issue of fact which required the court below to grant an alternative, instead of a peremptory, writ. The moving affidavit alleged, among other things, that, in the autumn of 1897, the relator was appointed by the trustees of the incorporated village of Rockaway Beach a policeman of said village; that his salary from and after December 1, 1897, was by a resolution of the trustees fixed at the rate of $500 a year; that he performed his duties as a member of the village police force until January 1, 1898, when municipal consolidation took effect, under the Greater New York charter; that after such consolidation he continued to perform his duties as a member of the police force of the city of New York until about February 1, 1898, when the police board of the city prevented him from rendering any further service, and refused to recognize him as a member of the police force, or to permit him to discharge any further police duty. The affidavit furthermore alleged that at a special election held in the village of Rockaway Beach in November, 1897, a majority of the electors voted that $5,000 should be raised by tax on the taxable property and persons of the village, to pay the salaries and expenses of the village police force for one year from December 1, 1897, and that the tax was duly levied, and a warrant issued therefor, and that proceedings were afterwards taken to collect the same. There were also allegations in the affidavit to the effect that the relator had not been removed, suspended, or dismissed upon charges of misconduct or otherwise.

Section 280 of the Greater New York charter provides as follows: "The captain, and each sergeant, roundsman and patrolman of the police force * * * of any town or village in that part of the county of Queens included in the city of New York as hereby constituted, shall be members of the police force specified in section 276 of this act,"—that is to say, members of the police force of the consolidated city of New York. Laws 1897, c. 378. In the light of this provision, and the provisions of the Greater New York charter relative to the grade and pay of members of the consolidated police force, the learned judge at special term held that the facts set out in the relator's affidavit entitled him to a peremptory writ of mandamus compelling the police commissioners to recognize him and assign him to duty as a policeman, at a salary of $800 a year, unless an issue of fact was raised by the answering affidavit of the commissioners. In confining their argument on this appeal to the proposition that the affidavit in opposition to the motion does not raise such an issue, the counsel for the appellants apparently concede the correctness of this view.

The only question between the parties, therefore, relates to the effect to be given to the statements contained in the opposing affi-

davit of Commissioner York. The affidavit contains both denials and affirmative allegations, but all are made expressly and solely "upon information and belief"; and there is no disclosure by the affiant of the sources of his information or the grounds of his belief. The denials are denials of legal conclusions. The affirmative allegations upon information and belief may be summarized as follows: The appointment of the relator was made as a part of a plan of the village board of trustees to create an unnecessary police force, in no way required for village purposes, but solely to have an alleged village police force in existence on January 1, 1898, to be then foisted on the city of New York in fraud of its rights and to the disadvantage of its police system. In furtherance of this fraudulent and collusive plan, and not for village purposes, an attempt was made and resolutions were passed by the trustees on October 22, 1897, to appoint the relator and nine other persons policemen of the village. In continuance of said unlawful plan, nine other persons were likewise appointed policemen thereafter and before the end of the year. The village had a small population, so that no village purpose required the creation of any such police force; and "said appointments were made solely to impose upon the police force of the city of New York a number of men below the standard of said force mentally and physically, and to confer upon them the same rights as are guarantied to a force selected with great care, after due physical and civil-service examinations."

Upon an application for a mandamus, a positive allegation in the affidavit of the moving party is not put in issue by a denial on information and belief. People v. City of Brooklyn, 77 N. Y. 503, 511. We are unable to see why affirmative allegations in opposition to the application, made also only on information and belief, should be deemed any more effective than similar denials. The same reasoning which pronounces the latter insufficient applies with equal force to affirmative allegations thus lightly supported, and constrains us to agree with the special term that the affidavit by which the relator's application was opposed constituted no obstacle to the award of a peremptory writ.

In order to prevent any misconstruction, it should be added that the rule which renders denials on information and belief thus unavailing in mandamus proceedings does not, as we understand it, go so far as to condemn them under all circumstances. There may be cases where a public officer or other party proceeded against cannot possibly have any cognizance of the subject-matter except such as is based upon communications from others. No court, we believe, would hold that a denial or affirmative allegation coming from one so situated must be disregarded because made on information and belief, if it satisfactorily appeared that the witnesses possessing personal knowledge of the matter were inaccessible, and if the affiant stated such sources of information and grounds of belief as to convince the court of the existence of a substantial defense.

In the absence of a stronger opposing affidavit in these respects, however, we can only affirm the order appealed from. All concur.

Order affirmed, with $10 costs and disbursements.