(61 App. Div. 223.)

PEOPLE ex rel. LENTILHON v. COLER, Comptroller.

(Supreme Court, Appellate Division, First Department. May 17, 1901.)

MANDAMUS—MUNICIPAL CORPORATIONS—LABOR LAW—PUBLIC IMPROVEMENTS—
    DISCRETION OF COURT—DOUBTFUL RIGHT.
    Where relator applied for a peremptory writ of mandamus to compel
    the payment of money claimed by him under a contract which stipulated
    that it should be void if the provisions of Laws 1897, c. 415 (Labor Law),
    relative to wages and hours of labor were not complied with, and it ap-
    peared by affidavit that relator had compelled or permitted his employés
    to work more than eight hours a day in violation of such labor law, there
    was such reasonable doubt as to whether relator was entitled to payment
    that he should be denied the writ, and remitted to his action at law to
    establish his claim.

    Ingraham, J., dissenting.

Appeal from special term, New York county.

Mandamus by the people, on relation of Eugene Lentilhon, against
Bird S. Coler, comptroller of the city of New York. From an order
denying the writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
PATTERSON, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J. This is an appeal from an order denying a
motion for a peremptory writ of mandamus requiring the comptroller
of the city of New York to draw a warrant on the chamberlain of
such city for a sum of money alleged to be due the relator for work
performed under a contract with such city. From the moving pa-
pers it appears that the relator on the 2d of June, 1899, entered into
a contract with the commissioner of parks for the removal of the
Forty-Second street reservoir, and in pursuance of which he had
performed certain work, and become entitled to receive from the
city the amount for which the warrant was asked. The contract
under which the work was performed contained, among others, the
following provision, viz.:

"The party of the second part [the relator] further agrees to comply with
all the provisions of chapter 415 of the Laws of 1897, known as the 'Labor
Law.' This contract shall be void and of no effect unless the rate of wages
specified in section 3 of said labor law is paid by the contractor to his em-
ployés, and, where laborers are employed, only citizens of the United States
shall be employed, and preference is given to citizens of the city of New
York, as provided in section 13 thereof."

The papers read in opposition to the motion, among others, con-
tained an affidavit by the comptroller to the effect that the relator
was not entitled to the sum claimed, and that he had not complied
with all of the terms and provisions of the contract, for the reason
that he had failed to comply with the labor law of the state in two
respects: (1) That he had compelled or permitted his employés and
those performing the work in question under his supervision and
control to labor more than eight hours a day; and (2) that he had

not paid his mechanics, workmen, and laborers the prevailing rate of wages, as required by the said labor law.

Whatever may be said as to the constitutionality of the statute re-ferred to, we are of the opinion that the motion was properly denied, under the rule laid down in People v. Coler, 58 App. Div. 347, 68 N. Y. Supp. 1101. In that case, Mr. Justice Hatch, delivering the opinion of the court, said:

"The party moving for the writ [mandamus] must establish a clear legal right thereto, and, where he has a remedy to enforce payment by action, he will ordinarily be remitted to that remedy. The application for the writ is addressed to the sound discretion of the court, and if it can see that there exists, or may exist, a fair ground of contest over the performance of the contract, or the amount due thereunder, the writ will be refused, and the party will be remitted to his action to establish his claim. In re Freel, 148 N. Y. 165, 42 N. E. 586; People v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639."

From the record before us, it does not appear that the relator has a clear legal right to the amount claimed; and while, under the decision of the court of appeals (People v. Coler, 166 N. Y. 1, 59 N. E. 711), there is no force in the objection that the contractor has not paid "his mechanics, workmen, and laborers the prevailing rate of wages," it does not follow that the other objection made is invalid. It is difficult to see why the city of New York, which has the absolute control of its own property, had not the legal right to contract with the relator as to the number of hours which should constitute a day's labor, or the maximum number of hours which a laborer should be employed in one day, and why it has not the legal right to insist upon the relator's performing the contract in this respect, or, in default thereof, subject himself to the penalty therein provided, according to the letter and spirit of the contract. Whether there be force in this suggestion or not, it certainly is not entirely clear that the city has no defense to the claim, and for that reason the application was properly denied. Mandamus is not the usual proceeding for the collection of a debt. It is only where, upon both the facts and the law, it clearly appears that there cannot be a defense to the claim, that the court will exercise its discretionary power by compelling the payment of a debt in advance of a judgment obtained after a trial had in the regular way.

The order appealed from is right, and must be affirmed, with $10 costs and disbursements. All concur, except INGRAHAM, J., who dissents.