Ingraham, P. J., McLaughlin, Clarke and Scott, JJ., concurred.

Proceeding dismissed and respondents authorized to proceed in the matter as if the alternative writ had not been issued. Order to be settled on notice.

---

In the Matter of the Application of the Rexford Flats Bridge Company, Appellant, for a Writ of Mandamus, *v.* The Canal Board and Others, Respondents.

Third Department, May 5, 1915.

*Mandamus — practice — when peremptory writ denied — issues of fact — alternative writ.*

On a motion for a peremptory writ of mandamus the allegations of the opposing affidavits will be considered to be true.

If the relator, notwithstanding the conflicting statements in the affidavit, still demands a peremptory writ, it is equivalent to a demurrer.

A peremptory writ of mandamus will not issue except in the case of clear legal rights, and it should not be granted if there is any dispute on questions of fact.

Where a peremptory writ is denied because the relator is not entitled thereto, if the allegations of the return are taken to be true, the relator may request that an alternative writ issue.

Howard, J., dissented.

Appeal by the petitioner, Rexford Flats Bridge Company, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county

of Saratoga on the 15th day of October, 1914, denying an application for a peremptory writ of mandamus.

*Thomas O'Connor,* for the appellant.

*Egburt E. Woodbury, Attorney-General* [*Wilber W. Chambers, Deputy Attorney-General,* of counsel], for the respondents.

Order affirmed, with costs, upon the opinion of Mr. Justice BORST at Special Term.

All concurred, except HOWARD, J., dissenting.

The following is the opinion of the court below:

BORST, J.:

On a motion for a peremptory writ of mandamus the allegations in the opposing affidavits will be considered to be true. (*People ex rel. Rau* v. *York,* 31 App. Div. 527; *People ex rel. Croft* v. *Keating,* 49 id. 123; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390.)

If the relator, notwithstanding the conflicting statements in the affidavits, still demands a peremptory mandamus, this is equivalent to a demurrer and the question thus presented must be determined upon the assumption of the truth of the affidavits presented by the respondents. (*People ex rel. Port Chester Savings Bank* v. *Cromwell,* 102 N. Y. 477; *People ex rel. Corrigan* v. *Mayor, etc.,* 149 id. 215; *Matter of Haebler* v. *N. Y. Produce Exchange,* Id. 414.)

A peremptory writ of mandamus will not issue except in case of clear, unquestioned legal rights. It should not be granted if there is any dispute on the facts involved in the question presented. (*People ex rel. Mott* v. *Board of Supervisors,* 64 N. Y. 600; *People ex rel. Slavin* v. *Wendell,* 71 id. 171.)

Mr. Peck in his affidavit says: " I deny that the acts of the State officers, including the closing of the dam, were the cause of the destruction of the bridge." This puts in issue the allegation which it is essential to have clearly established, beyond controversy, to entitle relator to a peremptory writ. Without considering the merit of other denials or attempted denials, it is quite evident that this statement or rather denial by Mr. Peck cannot be accepted as true and yet have the writ issue. Where

there is a controversy about the facts, the writ ought not to issue. It is an extraordinary remedy and ought only to be granted when the facts and law entitle the relator to it beyond question. This cannot be said to be the situation of the application for the peremptory writ in this case.

This makes it unnecessary to determine the right of the relator to the writ if it be conceded that the destruction of the bridge was caused by the acts of the Canal Board and its members.

If the relator desires to have an alternative writ issue this will be done. Otherwise the application for the writ must be denied.