Matter of the Application of ST. GEORGE HARVEY for a Peremptory Writ of Mandamus against EDWIN DUFFEY, Commissioner of Highways of the State of New York.

· (Supreme Court, Albany Special Term, December, 1917.)

Mandamus — when application for peremptory writ granted — contracts — corporations — negotiable instruments — Highway Law, § 130 . (3). ·

> Where, upon an application for a peremptory writ of mandamus to compel the commissioner of highways of the state to return a certain draft deposited with him by a foreign corporation not authorized to do business in this state · at the time of the submission of its bid as sole bidder for the construction of a certain state highway, it appears that the commissioner had declined to award the contract to said company unless its bid was reduced to the engineer's estimate, which said corporation declined to do and in writing requested the return of said draft, and the commissioner about a month after declining to return the draft advised the corporation that it had been awarded the contract for the amount of its bid, the application will be granted on the ground that said commissioner had no right at any time, under section 130(3) of the Highway Law, to let the contract either to the corporation or to the assignee of its bid except for the amount specified in the engineer's estimate, or for a less amount.

APPLICATION for peremptory writ of mandamus.

Parsons & McClung, for applicant.

Merton E. Lewis, attorney-general, and Edmund H. Lewis, deputy attorney-general, for respondent.

CHESTER, J.   The petitioner, St. George · Harvey, by this application seeks a peremptory writ of mandamus to compel the respondent, as commissioner of highways of the state of New York, to return a certain

41

draft for $7,320, which was deposited with the respondent by the Kennedy Construction Co., Ltd., at the time of submitting a bid or proposal for the construction of a certain state highway.

An application for a like writ for the return of the same draft was heretofore made by said, the Kennedy Construction Co., Ltd. That application was denied and on an appeal to the Appellate Division by that company the order denying the application was affirmed on the ground that its interest in the draft had been assigned by the Kennedy Construction Co., Ltd., to said St. George Harvey and for that reason that the then applicant had no interest in the subject matter involved.

This application is now made for the return of the same draft by said St. George Harvey so that the reason for the former denial of the writ has now been eliminated.

It appears that in the fall of 1916 said state commissioner of highways advertised in pursuance of the Highway Law for bids for the improvement of certain highways in the state, among which was what was known as state highway No. 5637 in Washington county, the one in question on this application. The Kennedy Construction Co., Ltd., submitted a bid for the work on the 20th day of November, 1916, and accompanied the bid by the draft in question, being substantially five per cent. of the amount of the proposal. The proposal submitted contained, as required by law, an itemized statement of the various kinds of work proposed to be done, the prices for each item and the gross sum bid for the entire work which was $146,240. The estimate sheet made for the construction or improvement of this highway by the state highway department as required by law and given out as information to the bidders was itemized, with a

statement of the estimated quantity and price of each item and aggregated the sum of $146,127.50 for the cost of the work. On such sheet there was added to the cost of the work for engineering, advertising, etc., the sum of $12,172.50, making the total cost $158,300. It will be seen that the amount of the proposal was $112.50 more than the estimated cost of the work, not including the expense for engineering, advertising, etc. On November 21, 1916, the bids submitted for the improvement of the various highways were opened at the office of the state commissioner of highways in Albany and it was found that the Kennedy Construction Co., Ltd., was the sole bidder for the construction of said road No. 5637, Washington county. The state commissioner of highways declined to award the contract to said company unless its bid was reduced to the engineer's estimate of $146,127.50. The company declined to reduce this bid and in writing requested the return of the draft which accompanied the bid. The state commissioner of highways declined to return the draft. About a month thereafter the commissioner advised the company that it had been awarded the contract for the amount of its bid, viz., $146,240.

The Kennedy Construction Co., Ltd., was a foreign corporation organized and existing under the laws of the Dominion of Canada and it was never authorized to transact business in the state of New York, pursuant to the provisions of the corporation law. On or about the 16th day of February, 1917, it assigned to said St. George Harvey, the applicant here, its bid or proposal and the right to enter into a contract with the state, as well as all moneys due or which might thereafter become due thereon together with all right, title and interest of such company in the same. Under such assignment said St. George Harvey was requested by the state commissioner to execute a con-

tract to do the work in question but he has not done so and he now brings this proceeding to recover the draft in question.

It is practically conceded that the state commissioner of highways had no right under the law to award this contract to the Kennedy Construction Co., Ltd., as it was not authorized by law to transact business within this state and the Highway Law in subdivision 3 of section 130 (Laws of 1909, chap. 30) provides that no contract for the construction or improvement of a highway or section thereof " shall be awarded at a greater sum than the estimate made for the construction or improvement of such highway or section thereof in accordance with such plans or specifications." It is now insisted by the respondent, contrary to the view entertained by him at the time the bid of the Kennedy Construction Co., Ltd., was not accepted unless it was reduced to the engineer's estimate of $146,127.50, that the estimate of the cost of construction also includes the $12,172.50, the expense of engineering, advertising, etc., and therefore that the respondent had the right to award the work under the proposal submitted and that such award would not be in violation of the section of law referred to. That attitude requires the construction of the statute mentioned, to ascertain the meaning of the above quotation from the statute. The meaning appears to me plain when the provision is examined in the light of other provisions of the Highway Law. Section 125 of such law provides in substance that whenever the state commissioner shall have determined upon the construction or improvement of a state highway or section thereof, he shall direct the division engineer of the division wherein such highway or section thereof is situated to make surveys and prepare suitable preliminary maps, plans and specifications. In

subdivision 9 of said section 125, it is provided that the division engineer " shall cause an estimate to be made of the cost of the construction of such highway or section thereof in accordance with such plans and specifications. In making such estimate he shall ascertain with all practical accuracy the quantity of embankment, excavation and masonry, the quantity of all materials to be used and all items of work to be placed under contract and specify the estimated cost thereof."

The clear purpose of this provision is that the engineer's estimate shall furnish information to and serve as a guide for a proposed bidder as to the *quantity* of the work of various kinds to be done and with respect to the materials to be furnished. It also advises the bidder what the engineer acting for the state deems to be a fair price therefor. The bidder is not concerned in any way with the amount of the cost for engineering, advertising or other incidentals entering in the total cost nor is he asked or permitted to bid on these items.

The prohibition contained in subdivision 3 of section 130 above referred to is that no contract shall be awarded at a greater sum than the *estimate* made for the *construction or improvement* of such highway or section thereof *in accordance with such plans and specifications.* There is nothing in this having any reference whatever to the added expense of engineering, advertising, etc., which may be incidental to the work in question, and the estimate that was furnished to the bidders and the estimate referred to in the law it seems to me is clearly one having reference solely to the cost of the work called for by the plans and specifications. It seems to me that the view taken by the defendant at the time it refused to award the contract upon this bid unless it was reduced to the esti-

mate was the correct one and therefore that the respondent had no right at any time under the law to let this contract either to the Kennedy Construction Co., Ltd., or to the petitioner, except for the amount specified in the estimate or for a less amount, and that he was and ever since has been under a statutory prohibition of letting it at a greater sum.

The negotiations appearing in the record made by this applicant with the state commissioner of highways subsequently to the assignment to him, with a view of having this contract let to him before he finally refused to enter into it, might be regarded as a consent on his part to take the contract in question at the small increased sum and a waiver of his right to have the draft returned, but, if the respondent was under a legal prohibition from letting this contract at any higher figure than that stated in the engineer's estimate, that can make no difference here.

The application should be granted, with fifty dollars costs and disbursements.

*Application granted, with costs and disbursements.*