THE PEOPLE OF THE STATE OF NEW YORK ex rel. DENNIS E. CONNERS, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, May 27, 1921.

Municipal corporations — mandamus to compel return of deposit made by relator on filing bid for construction of school building — general appropriation for construction of school buildings — bidder could not withdraw bid where general appropriation was greater than bid though estimated cost of building was less — defendant entitled to reasonable time to accept bid — when mandamus not appropriate remedy.

In mandamus proceedings instituted by a contractor to compel the defendant to return money deposited with a bid for the construction of a school building, it appeared that the board of estimate and apportionment of New York city created and made a general appropriation for the construction of fireproof school buildings; that the defendant adopted a resolution approving plans and specifications for the construction of additions to and alterations in one of the school buildings in New York city and estimated the cost at $600,000, which action was approved by the board of estimate and apportionment, the cost of construction to be chargeable against the general appropriation; that the relator submitted a bid for the performance of the work at a price in excess of the estimated cost, accompanied by a deposit as required; that the defendant shortly thereafter adopted a resolution subject to favorable action by the board of estimate and apportionment awarding the contract to the relator but did not notify him thereof; that thereafter the board

of estimate and apportionment approved the form of contract and increased the estimate of cost to the amount of relator's bid; that then the defendant adopted a resolution appropriating the amount of relator's bid from said general appropriation; that thereafter the relator withdrew his bid and requested the return of the deposit, which act was not acquiesced in by the defendant, and that the defendant forfeited relator's deposit on his failure thereafter to execute the contract.

*Held,* that the relator did not have the right to withdraw his bid and demand a return of the deposit on the ground that the appropriation for the work in question was not sufficient to cover the amount of his bid, for the general appropriation made by the board of estimate and apportionment was sufficient though the estimated cost of the particular building was too low, and the consent of the board of estimate and apportionment was required not to increase the appropriation but to increase the estimated cost which limited the amount the defendant was authorized to use out of the appropriation without further action by the board of estimate and apportionment.

The general appropriation being sufficient to cover the cost of the work, the bid by the relator was not invalidated by the fact that it was in excess of said amount.

Under the reserved power to reject any and all bids, the defendant was at liberty, if it saw fit, to reject them all as excessive; but deeming the relator's bid to have been reasonable, the defendant was at liberty to hold it under consideration and to endeavor to obtain the consent of the board of estimate and apportionment to its acceptance.

The defendant was entitled to a reasonable time after the receipt of the bids to determine whether the lowest bid was reasonable and should be accepted provided the board of estimate and apportionment would approve thereof at the increased cost, and to enable it to obtain such approval, and under the express terms under which the bids were invited and received, the relator had no right to withdraw his bid while it was being considered, unless final action thereon was delayed for an unreasonable length of time.

It cannot be said, as a matter of law, that a delay of thirty-nine days in accepting relator's bid was unreasonable, and, therefore, mandamus is not the appropriate remedy, for it will lie only where there is a clear legal right to the relief demanded.

APPEAL by the defendant, The Board of Education of the City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of February, 1921, granting relator's motion for a peremptory writ of mandamus requiring respondent to return or pay over to the relator $16,000, deposited by him with a bid for con-

struction work, for which it invited proposals, and interest thereon.

*Joseph L. Pascal* [*John P. O'Brien, Corporation Counsel*], for the appellant.

*M. Carl Levine,* for the respondent

LAUGHLIN, J.:

On the 30th day of December, 1918, the board of estimate and apportionment created and made a *general* appropriation of $5,575,000 for the construction of fireproof school buildings by the adoption of a resolution authorizing the issuance of bonds therefor and appropriating the proceeds of the bonds thereto, and in like manner provided for an appropriation of $2,062,500 for heating, ventilating, plumbing, sanitary appliances and an electrical plant and equipment for the buildings and $412,000 for furniture and school equipment therefor. The resolution provided that the amounts to be expended therefrom were " to be sub-authorized from these appropriations by the Board of Estimate and Apportionment predicated upon requisition from the Board of Education for stated amounts to cover the cost of constructing, etc., the foregoing school buildings," and further provided that no incumbrance by contract or otherwise should " be made against these authorizations " and that bids upon contemplated contracts should not be advertised for until after the approval of the board of estimate and apportionment of the plans, specifications and estimated costs and form of proposed contracts for the improvements. It is stated in the points submitted by the corporation counsel that this appropriation was authorized by the board of aldermen and that such authorization was essential to its validity. That argument is doubtless based on section 47 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1916, chap. 615), but section 169 of the charter (as amd. by Laws of 1916, chap. 615)* appears to empower the board of estimate and apportionment to act alone in authorizing an appropriation by the issuance of such bonds, and since that point is neither presented by the record nor

---

* Since amd. by Laws of 1920, chaps. 589, 960.—[REP.

essential to the decision, we express no opinion thereon. On the 6th of August, 1919, defendant duly adopted a resolution approving plans and specifications for the construction of additions to and alterations in the Newtown High School and estimating that the cost would be $600,000; and on the twenty-fifth of that month through its vice-president, by formal communication submitted to the board of estimate and apportionment for approval the plans and specifications for the work, stating the estimated cost thereof as $600,000 and that it would be chargeable as an authorization against said general appropriation and that the plans and specifications had been duly approved by it. The deputy and acting comptroller on the 13th of September, 1919, pursuant to authority delegated to the comptroller by a resolution of the board of estimate and apportionment duly adopted on the eighteenth of July, approved the plans and specifications and on that day formally communicated his approval to the defendant with a proviso that if no bid should be received for the work within the estimated cost, the amount of the estimated cost might be reconsidered by the board of estimate and apportionment, in its discretion, or by any official designated by it, provided that there should be a bid within the amount authorized and available for the work. Defendant thereupon advertised for bids requiring that they be accompanied with a certified check for $16,000. The advertisement also provided that no bid should be withdrawn pending the award of the contract by the defendant. On the 12th of January, 1920, the relator submitted to the defendant a bid for the performance of the work for $794,000 accompanied by a check for $16,000 as required. This was the lowest bid. There were two other bids, one $5,000 and the other $93,000 higher. On the fourteenth of the same month the defendant adopted a resolution, subject to the favorable action by the board of estimate and apportionment, awarding the contract to the relator at his bid, but did not give him notice thereof. On the twenty-third of January the board of estimate and apportionment by resolution approved the form of contract, specifications and plans which had theretofore been approved by the deputy and acting comptroller and an increased estimate of cost of $794,000 for the work and provided that the cost

should be charged as an authorization against the general appropriation theretofore authorized by the board of estimate and apportionment for the general construction of fireproof school buildings, which were subject to authorization of the stated amount to be expended in the construction· of each specific school to be predicated upon requisition by the defendant to the board of estimate and apportionment, and that such approval and increased estimated cost were in substitution for the approval at an estimated cost of $600,000, theretofore granted by the deputy and acting comptroller " consequently increasing the sub-authorization against such general appropriations from $600,000 to $794,000." On the 11th of February, 1920, the defendant adopted a resolution appropriating the sum of $794,000 from said general appropriation to be applied in payment of the contract to be entered into with the relator for that amount for the general construction of additions to and alterations in the Newtown High School and making requisition on the comptroller for that amount, but at that time gave no notice thereof to the relator. On the nineteenth of that month the relator wrote the defendant referring to his bid and to the fact that no award of the contract had been made and stating that since the bids were opened, there had been a· substantial increase in the cost of the work and that he, therefore, withdrew his bid and requested the return of the deposit. On the twentieth of February defendant, through its secretary, wrote the relator referring to his letter of the day before and stating that the contract .for the work was awarded to him by the defendant subject to the approval of the board of estimate and apportionment and that upon notification of favorable action by that board, defendant on the eleventh of February, adopted a resolution making the necessary appropriation to carry out the relator's contract for the work and that his bid had been forwarded to the comptroller, whose approval of surety ·was required before the contract could be executed; and by another like communication on the same day, defendant notified the relator that on the 11th of February, 1920, the superintendent of school buildings recommended the acceptance of his bid and the recommendation was approved and ratified by the defendant and the contract was awarded to him subject to the approval of

sureties and the execution of the contract and certification thereof by the comptroller, and calling upon him to present his sureties to the comptroller for qualification within five days and specifying the amount of the bond required. These two communications were received by the relator the next day. On the twenty-eighth of February defendant sent another communication to the relator stating that on the twenty-fifth of February defendant considered his communication dated February twentieth withdrawing the bid and requesting the return of the deposit and decided not to permit the withdrawal of the bid and denied his request for the return of the deposit. The record does not show that the relator presented two communications requesting the withdrawal of the bid and the return of his deposit, but whether the last letter referred to relates to the original request or another is immaterial. On the 1st of March, 1920, the attorney for the relator wrote the defendant referring to its communication to the relator of the twentieth of February, regarding the withdrawal of his bid and stating that his understanding was that the reason the contract was awarded to his client subject to the approval of the board of estimate and apportionment was the lack of an appropriation or that the amount appropriated for the work from the general appropriation was insufficient and that it became necessary to apply for an increase " in the allotment " and inviting attention to certain authorities under which he claimed that without regard to whether or not the relator was entitled to withdraw his bid, the contract could not be awarded to him for the reason that the appropriation was insufficient at the time the bids were received. On the sixth of March defendant notified the relator that it was in receipt of a communication from the department of finance stating that he had not presented a surety as required and drawing his attention to section 419 of the Greater New York charter, which provides that if a bidder whose bid has been accepted shall neglect or refuse to accept the contract within five days after written notice that it has been awarded to him or if he accepts but does not execute the contract and give the proper security, the work shall be readvertised and relet, and requesting him to give the matter his immediate attention. (See Laws of 1910, chap. 554,

amdg. Greater N. Y. Charter, § 419.)    On the 30th of March, 1920, defendant transmitted to the relator a copy of an opinion received by it from the corporation counsel under date of March first, in which he considered the authorities cited by the attorney for the relator and conceded that if at the time the bids were received there was not a sufficient appropriation the award of the contract would be invalid, but he maintained that the general appropriation of $5,575,000 was available for this work and that the original estimated cost did not constitute a limitation of the appropriation and that the board of estimate and apportionment was at liberty to approve an increased estimate of cost sufficient to meet the relator's bid, as it did, and that if the relator failed to execute the contract his check would be forfeited.    On the 30th of April, 1920, defendant transmitted to the relator a certified copy of a resolution adopted by it on the twenty-eighth of April, reciting the proceedings on his bid and declaring the security deposited by him forfeited and authorizing the superintendent of buildings to readvertise the work.

The authorities on which the relator relies hold that there must be sufficient appropriation at the time the bids are received in order to warrant the letting of a contract. (*Williams* v. *City of New York*, 118 App. Div. 756; affd., 192 N. Y. 541; followed, *People ex rel. Carlin Const. Co.* v. *Prendergast*, 220 id. 725; *Clarke Co.* v. *Board of Education*, 156 App. Div. 842; affd., 215 N. Y. 646; *Klinck* v. *Pounds*, 163 N. Y. Supp. 1008.)    Here, however, the appropriation was sufficient but the estimated cost was too low and the consent of the board of estimate and apportionment was required, not to increase the appropriation, but to increase the estimated cost which limited the amount the defendant was authorized to use out of the appropriation without further action by the board of estimate and apportionment.

*Williams* v. *City of New York* (*supra*) is plainly distinguishable from the case at bar on the ground that there the lowest bid when received exceeded the appropriation available for the work, and in order to create a sufficient appropriation to cover the lowest bid, it became necessary for the board of estimate and apportionment and the board of aldermen to authorize the issuance of corporate stock, thus creating an

additional appropriation. That action was brought by the lowest bidder to recover of the city damages for the loss of the profits he would have made on the contract if awarded to him, and it was held that the bid being in excess of the appropriation was invalid and that the subsequent increase of the appropriation by the issuance of corporate stock did not inure to the benefit of the plaintiff and that his bid was properly rejected. Here, as the corporation counsel advised the defendant, the $5,575,000 had been duly appropriated and was available for this contract work; and the bid was not invalidated by the fact that it was in excess of the amount estimated as the cost of the work. That estimate was doubtless required to be made in the expectation that bidders would keep within it and thus it was intended as a check on bidders and as a limitation also on the authority of defendant to award the contract. Under the reserved power to reject any and all bids, defendant was at liberty, if it saw fit, to reject them all as excessive; but deeming the relator's bid reasonable, it was at liberty to hold it under consideration and to endeavor to obtain the consent of the board of estimate and apportionment to its acceptance, as it did. It cannot be said that the bid was invalid on the theory that it was in excess of the appropriation for the work because the estimate of the cost of the work did not constitute the appropriation therefor. A sufficient general appropriation had been made and it was not essential that the sub-appropriation be made until the precise amount required should be determined.

I am also of opinion that *Clarke Co.* v. *Board of Education* (*supra*) is not in point for there the appropriation was not a general appropriation, but in and by the appropriation a specified amount was appropriated for the construction of specified school buildings, which made the appropriation precisely the same as if the only appropriation was for the particular school building with respect to the construction of which the point arose. That, also, was an action by a contractor for the recovery of prospective profits on the theory that it was entitled to have the contract awarded on its bid. In that case the board of education had requested a general appropriation of a lump sum for the erection, equipment and improvement of school buildings and premises but the appro-

priation was not so made; and the board of education was requested by the comptroller, in line with the established policy for certain other departments, to itemize the appropriation required for specific buildings, and subsequently on receiving information from the board of education with respect to the requirement for the particular buildings, the board of estimate and apportionment authorized the issuance of corporate stock not exceeding the specified amount to " provide means for the construction and improvement of public school buildings and additions thereto as follows; " and this was followed by a detailed schedule specifying the amount appropriated for each building and the resolution provided that the proceeds of the issuance of corporate stock should " be applied to the purposes aforesaid." The resolution was concurred in by the board of aldermen and approved by the mayor. Among the items of that appropriation was one of $182,000 for Public School 92. Plans and specifications for that building were prepared and duly approved and bids invited therefor and the lowest bid received was for $99,000 more than the appropriation. Defendant undertook to accept the bid by a resolution to the effect that it was accepted " subject to financial ability; " but thereafter the contractor was notified that the appropriation for the building of the school was insufficient and that the conditional award to him was withdrawn for the reason that there was no appropriation therefor. This court held that there was no valid acceptance of the bid and that the board had no right to make the conditional acceptance because the bid exceeded the amount appropriated for the work, and it was also held that the provisions of section 1541 of the Greater New York charter forbidding any department, board or officer to incur any expense unless an appropriation shall have been previously made covering such expense or " any expense in excess of the sum appropriated in accordance with law," applied to the board of education and restricted its authority. Section 877 of the State Education Law (as added by Laws of 1917, chap. 786) is in effect the same as said section of the charter (as amd. by Laws of 1910, chap. 543). I am, therefore, of opinion that the defendant was entitled to a reasonable time after the receipt of the bids to determine whether the lowest bid was reasonable and should be accepted provided

First Department, May, 1921.    [Vol. 197

the board of estimate and apportionment would approve thereof and to enable it to obtain such approval of the board of estimate and apportionment, and that under the express terms under which the bids were invited and received, the relator had no right to withdraw his bid while it was being considered unless final action thereon was delayed for an unreasonable length of time. Subsequent to the receipt of these bids, the Legislature, by chapter 856 of the Laws of 1920, added section 86-c to the General Municipal Law authorizing the withdrawal of bids and of deposits made therewith where a contract is not awarded within forty-five days after the receipt of the bids. If that enactment were applicable, it would not have authorized the withdrawal of the relator's bid, for the resolution awarding the contract to the relator after the board of estimate and apportionment approved was adopted on the thirtieth day after the receipt of the bids and he received formal notice that the contract had been awarded to him on the fortieth day. The only theory on which the relator would be entitled to withdraw his bid and to the return of his deposit is that the defendant took an unreasonable period of time in considering the award of the contract. If it could be said as matter of law that the period was unreasonable, the order for the issuance of the mandamus might be sustained (*Matter of Harvey* v. *Duffey*, 101 Misc. Rep. 641; affd., *sub nom. People ex rel. Harvey* v. *Duffey*, 182 App. Div. 903; *Gunnison* v. *Board of Education*, 176 N. Y. 11; *Dannat* v. *Mayor*, 66 id. 585); but I deem it quite clear that it cannot be so held. The facts essential to a decision on that point have not been shown. There is no competent evidence of any change in the cost of construction. There is merely the relator's statement to that effect in the letter in which he attempted to withdraw his bid; and there is no evidence with respect to the times of meetings either of the members of the defendant or of the members of the board of estimate and apportionment, or of the time required for such investigation as they may have deemed essential to guide their action in the premises. Mandamus is an appropriate remedy only where there is a clear legal right to the relief demanded. (*People ex rel. Lentilhon* v. *Coler*, 61 App. Div. 223; *People ex rel. Ajas* v. *Board of Education*, 104 id. 162; *People ex rel. Rolf* v. *Coler*,

58 id. 131.) It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.

Clarke, P. J., Dowling, Merrell and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.