**524** Matter of Village of Massena *v.* St. Lawrence W. Co.

Supreme Court, January, 1926. [Vol. 126

In the Matter of the Application of the Village of Massena, Petitioner, for a Peremptory Order of Mandamus against The St. Lawrence Water Company, Respondent.

Supreme Court, St. Lawrence County, January 23, 1926.

Waters and watercourses — peremptory mandamus to compel defendant water company to extend water system in village of Massena — franchise granted water company in 1899 authorized said company to enter upon all public streets of said village " as may be necessary "— franchise deemed to include streets thereafter accepted by village — power of village to extend water system in new street conclusive in absence of violation of law — under Transportation Corporations Law, § 81, water company is required to furnish pure and wholesome water as directed by village — claim of water company that demand of village for service is arbitrary and unreasonable too indefinite to raise issue of fact — peremptory mandamus order granted under Civil Practice Act, § 1319 — inadequacy of rates is no defense.

A franchise given defendant water company by the village of Massena in 1899 authorizing the said company " to enter upon any and all of the public streets, lanes, alleys and highways of said village for the purpose of laying, constructing, maintaining and repairing such mains, pipes, connections, fixtures and appliances as may be necessary to introduce into said village a sufficient supply of pure water suitable for public, domestic and sanitary purposes " contemplated that new streets were to be opened and old ones extended from time to time and was executed not only with reference to the streets then in existence, but with reference to all highways which might thereafter be accepted by said village.

Moreover, said village, under its general governmental powers, had authority to contract for a supply of water for the preservation of public health and the general welfare and, in the absence of evidence showing some violation of law, its determination extending the water system in said village is conclusive.

Accordingly, an application by the village of Massena should be granted for a peremptory mandamus order to compel the defendant water company to extend its water system in said village in and along the entire length of a street, accepted by the village since the granting of the franchise, since section 81 of the Transportation Corporations Law requires said water company under its franchise to furnish pure and wholesome water to the residents of said street, and since the duty and power conferred by the statute upon the board of trustees to contract with said water company for a supply of water implied the power to compel such company to enter into such a contract to supply the village through which the mains pass with pure and wholesome water at reasonable rates.

Allegations in the defendant's answer to the effect that the action of the village trustees " is arbitrary, unreasonable, unwarranted, tyrannical, capricious and confiscatory " are mere conclusions and too indefinite to raise an issue of fact such as wi'l bar the granting of a peremptory order of mandamus under section 1319 of the Civil Practice Act.

Nor is the inadequacy of rates a defense in this proceeding, since the water company has a remedy to obtain reasonable compensation for the service it renders.

APPLICATION for a peremptory order of mandamus.

*Andrew J. Hanmer,* for the petitioner.

*George E. Van Kennen,* for the respondent.

HEFFERNAN, J.   This is an application by the village of Massena for a peremptory mandamus order directed to the defendant, The St. Lawrence Water Company, commanding it to install and construct at its own expense an extension of its water main, pipe and water distributing system in and along the entire length of George street, one of the highways of the village, from the southerly end of the present water main in that street and extending southerly for a distance of 325 feet.

The defendant is a corporation organized and existing under the provisions of the Transportation Corporations Law.

About the 10th day of July, 1899, the board of trustees of the village of Massena adopted an ordinance granting a franchise to the defendant to construct, lay and maintain water mains and pipes in the public streets and highways of the village and to operate therein a water distributing system, and to supply the inhabitants thereof with pure water for public, domestic and sanitary purposes for a period of five years, and with a provision for its renewal every five years thereafter, coupled with an option to the village to purchase the entire water system at a price to be fixed by appraisers selected in the manner provided by the ordinance in question.   The ordinance fixed the rates and charges.   The defendant accepted the terms of the franchise, thereafter installed a water distributing system in the village and since then has performed the conditions of the grant.   Section 18 of the franchise has a provision to the effect that the rates specified therein shall not be increased by the company (defendant), its successors or assigns without the consent in writing of the village board.

George street extends from its intersection with Maple street southerly to the Grasse river for a distance of approximately 1,150 feet, and the defendant maintains a four-inch water main from its present main on the north side of Maple street which extends southerly along George street for a distance of 725 feet.   At the time of this application the defendant has a water main on a portion of George street and is actually furnishing water to the residents thereof whose dwellings are contiguous to such main.

There are seven houses located on George street southerly from the present water main and the inhabitants thereof are not supplied with water by the defendant.   There are twenty-seven persons residing in these dwellings.   The street has been improved and graded, a sewer has been constructed therein by said residents

**526** MATTER OF VILLAGE OF MASSENA *v.* ST. LAWRENCE W. CO.

Supreme Court, January, 1926.                    Vol. 126

along the entire length thereof but this cannot be used because of the lack of water.

In addition to these facts the petition shows that the health of the people on the street in question is menaced and that the public health is jeopardized by the lack of water on this highway for domestic and sanitary purposes; that the defendant, under its franchise, possesses and controls the right to lay and maintain water pipes and mains in the public streets of the village and that this right is not exercised by any other corporation or individual engaged in the same business; that it has the right to operate the only water system; that the defendant, through its distributing system, possesses and controls within the village the only supply of water and that the residents are wholly dependent upon the company for their water supply; that it is the duty of the board of trustees of the village to provide the people with an adequate supply of water and that such board has the right to designate the streets upon which mains are to be constructed; that such board has decided and determined that the extension of the water main on George street, as indicated, is essential and necessary for the needs of the residents thereof and for the preservation of their health; that at a meeting of such board held on May 25, 1925, a resolution was adopted directing the defendant to furnish water service on this street; that the terms of the resolution were not complied with; that such board directed the institution of this proceeding; that the defendant has failed and neglected to extend its water distributing system, claiming that it cannot do so without great loss at the prevailing rates; that the construction of a suitable main will entail an expense of approximately $585; that the residents living on the extension of the highway sought to be supplied are anxious to have the connection made and will connect their dwellings with the service main as soon as constructed and that the defendant will receive an annual revenue therefrom of $83. Attached to the petition is an affidavit of the health officer to the effect that the residents on this street are dependent for their water supply on wells; that out-door toilets are used and that these are being maintained in violation of an ordinance of the consolidated health board of the village and town of Massena; that the population of the town of Massena according to the last State census is 10,275, practically all of whom are residents of the village; that at the time of the granting of the franchise the village had a population of approximately 2,000 inhabitants.

The answer does not deny any of the material allegations of the petition. It alleges that the franchise under which it is operating has a schedule of rates for water service; that by the terms of the

franchise the defendant was required to submit to the village authorities plans and specifications for its water system; that the plans so submitted did not provide for water service in George street for the reason that said street was not then in existence; that George street was not dedicated, opened or accepted as a public highway until the 18th of August, 1902; that the proposed installation of a water extension at the present rate of wages and cost of material is about $750; that the revenue to be derived by the defendant therefrom will not exceed $68 per annum; that the income will be insufficient to yield a fair return on the investment, and insufficient to cover more than the actual expense of the service; that since the granting of the franchise in question the cost of operating the water system has materially increased; that the increase in the cost of labor is approximately 200 per cent; that the cost of materials and supplies has increased about 100 per cent; that at the present time the defendant is delivering water to its consumers at a price which is insufficient to yield a reasonable return on the investment, and that for several years the defendant has unsuccessfully endeavored to secure the consent of the village authorities to increase the franchise rates; that for more than ten years the defendant has not received a fair return on its investment; that the defendant has an investment in its distribution system of more than $180,000; that the return on the capital invested is insufficient to warrant any extension of the system. The answer then concludes as follows: " That by reason of the facts hereinbefore set forth, the order for the extension on George street by the village trustees is arbitrary, unreasonable, unwarranted, tyrannical, capricious and confiscatory."

It will thus be seen that the order of the village authorities is resisted on two grounds: *First*, that George street was not in existence at the time of the granting of the franchise in question and that consequently the village has no jurisdiction to compel the installation of the water system on that thoroughfare; *second*, that the rates fixed in the franchise for water service are no longer adequate to yield a fair return on the investment and that consequently the order of the petitioner in directing the extension of such system is arbitrary, unreasonable, unwarranted, tyrannical, capricious and confiscatory.

While it is true that George street was not in existence at the time of the granting of the franchise, it is also apparent that the grant by its terms, is plainly co-extensive with the limits of the village. One of the provisions of the franchise authorizes the defendant " to enter upon any and all of the public streets, lanes, alleys and highways of said village for the purpose of laying, con-

structing, maintaining and repairing such mains, pipes, connections, fixtures and appliances as may be necessary to introduce into said village a sufficient supply of pure water suitable for public, domestic and sanitary purposes."

Although it is the law that public grants are to be construed strictly against the grantee, that simply means that nothing shall pass by implication unless it be necessary to carry into effect the obvious intention of the grant. The intention of the parties, when expressed in plain language, cannot be ignored in a public any more than in a private grant. A construction that would lead to false consequences or unjust or inconvenient results not contemplated or intended should be avoided. The very fact that the defendant installed its system in George street is significant and indicates that its own interpretation of the grant is inconsistent with its present attitude.

In my judgment it should be held that these parties contracted not only with reference to the streets then in existence but with reference to all highways that might be thereafter accepted by the village. The defendant's contention that the terms of the grant should now be limited to streets in existence at the time it was made is utterly repugnant to reason. The language of such grant and the rules controlling its interpretation do not justify the construction given by the defendant. To say that it is not bound to furnish its service to streets that were not then in existence is just as reasonable, in my judgment, as to say that it should not provide such service to persons who were not then living. A grant of authority to use the streets of a municipality for the purpose of conducting water without any express limitation should not be restricted to existing streets and highways but should be construed so as to include streets and highways subsequently enlarged, changed or opened. A franchise for supplying water not only confers a privilege but imposes an obligation upon the defendant to serve the public in a reasonable way. The defendant obtained the right to use the streets in general terms and that grant necessarily contemplates that new streets are to be opened and old ones extended from time to time. The village authorities, under the grant in question, could enact reasonable regulations with respect to all interference with the streets but they could not lawfully refuse the defendant permission to exercise the right granted under its franchise. Ordinances granting to water companies and other public service corporations the right to use the streets for pipes, mains, etc., upon the condition of the performance of the service by the grantee are, after acceptance and performance by such grantee, contracts protected by the provisions of the Federal Constitution against the enact-

ment of any law impairing their obligation. The rights of such a grantee are property rights and contract rights and are in the fullest sense vested rights. A municipality cannot by subsequent ordinance revoke or impair the rights which it has thus conferred. Not only are the rights so granted beyond the power of revocation but they cannot be diminished in value by the imposition of unauthorized additional burdens upon their use or enjoyment. In this case the village ordinance authorizing the defendant to supply water to its inhabitants through pipes and mains laid in the public streets is a grant of franchise and after acceptance and performance by the defendant is a contract protected by the Constitution of the United States against impairment by legislative enactment. The grant should receive a construction in accordance with the nature and purpose of the service to be rendered. No good reason appears for restricting its operations to highways in existence at the time of its adoption. No such limitation was expressed in the language employed. When the defendant accepted this franchise, no doubt, it reasonably expected that the population would increase; that this system was to be operated in a growing municipality; that the needs of the people would require an extension of its service; that new streets would be added. The very nature of the business in which the defendant is engaged is based upon calculations of future growth and expansion.

The second objection urged by the defendant is without merit. The village under its general power had authority to contract for a supply of water for the preservation of the public health and the general welfare. Indeed, a supply of pure water is essential to the welfare of a thickly-settled municipality. In the light of modern requirements such a municipality would fail in the purpose of its organization if, having the power, it omitted entirely to take such steps as are necessary or proper to obtain a supply of water for its streets and for the public use. The preservation of the public health and the general welfare includes the authority to use the usual means of carrying the power conferred into effect. The power to accomplish that purpose is plenary. The fact that water is required by the municipality for protection against fire and for sanitary purposes as well as for private consumption attaches a public character to the service and whether it is to be rendered by the municipality or by a private corporation it is solely the character or use of the service which justifies the laying of pipes and mains in the streets. The furnishing of a supply of water not only as a precaution against fire and sanitary purposes but also for individual use has always been recognized as a proper public and municipal purpose based upon the inherent and palpable necessity

of the case and customs of thickly-settled communities. A munici-pality exercises this power in its legislative and governmental capacity. The power to contract for a supply of water is delegated to the local authorities to be exercised according to their discretion, and in the absence of fraud and while they act within the authority delegated to them their acts will not be reviewed or controlled. The power to supply water having been conferred upon the village, the authorities thereof necessarily have, to a greater or less extent, a discretion as to the manner in which the power shall be used. This discretion cannot be officially interfered with or questioned except when the power is exceeded or fraud is imputed or shown, or where there is a manifest invasion of private rights. Where the law confers upon the authorities of a municipality power to determine upon the expediency or necessity of measures relating to the local government, their judgment upon matters thus com-mitted to them, while acting within the scope of their authority, cannot be controlled by the courts. The decision of the corporate officers is, in the absence of fraud, final and conclusive unless they transcend their powers. The court ought not under the guise of exercising judicial power to usurp merely administrative functions by setting aside a lawful administrative order upon its conception as to whether the administrative power has been wisely exercised. Power to make the order and not the mere expediency or wisdom of having made it is the question. The village authorities have decided in the exercise of their judgment and discretion that the defendant should extend its water system on the highway in question. The defendant urges that this order is unreasonable in view of the limited number of persons to be supplied with water. It seems to me that that question is solely one for the village authorities and not for the courts. This court has no power to substitute its judg-ment as to what is reasonable, necessary or proper for that of the village authorities. Their determination can only be revised, corrected or annulled in the event of some violation of law.

Section 81 of the Transportation Corporations Law, so far as material here, provides: " Every such corporation shall supply the authorities or any of the inhabitants of any city, town or village through which the conduits or mains of such corporation may pass, or wherein such corporations may have organized, with pure and wholesome water at reasonable rates and cost  *  *  *."

The franchise granted by the village and accepted by the defend-ant is a contract, and is enforcible by either. (*Village of Bolivar v. Bolivar Water Company,* 62 App. Div. 484.)

Under the provisions of the Transportation Corporations Law referred to, the defendant is obligated to furnish to the inhabitants

of the village an adequate supply of pure and wholesome water for domestic and sanitary purposes. Such contract may be enforced either by the municipality or a resident thereof. (*City of New York* v. *Jamaica Water Supply Co.*, 181 App. Div. 49; affd., 226 N. Y. 572; *People ex rel. City of New York* v. *Queens County Water Co.*, 232 id. 277; *Matter of Town of Mamaroneck* v. *New York, etc., Water Co.*, 203 App. Div. 122; affd., 235 N. Y. 563.)

In *City of New York* v. *Jamaica Water Supply Co.* (*supra*) it appeared that the commissioner of water supply directed the defendant to install at its own expense an extension of its distribution system in a certain specified territory. The defendant ignored the direction and thereupon the proceeding was instituted. The Special Term denied the application by the city for a peremptory writ of mandamus. Upon appeal this order was reversed by the Appellate Division and the writ awarded. In the course of the opinion in the Appellate Division Mr. Justice STAPLETON said: " The positive duty to supply the authorities or any of the inhabitants of the designated locality with pure and wholesome water at reasonable rates and cost is imposed by plain words, commonly used."

In *People ex rel. City of New York* v. *Queens County Water Co.* (*supra*), the defendant failing to comply with the order of the commissioner of water supply to install hydrants and mains in certain specified streets, the relator applied to the Special Term and a peremptory writ of mandamus was issued. This was modified by the Appellate Division by striking out the provision as to the peremptory writ and granting an alternative writ instead. From the order of the Appellate Division the relator appealed to the Court of Appeals and in reversing the order of the Appellate Division and affirming that of the Special Term, the court said: " The statute under which defendant exercises its franchise imposed upon it a specific duty to furnish water for domestic service and fire protection. When such duty is performed under orders from an officer of the city empowered to issue the same a legal duty arises on the part of the city, in the absence of a contract, to pay a reasonable compensation to defendant for the service rendered, and a failure to so compensate defendant gives to the company a right of action to recover upon implied assumpsit. (*North River Electric L. & P. Co.* v. *City of N. Y.*, 48 App. Div. 14; *Staten Island Water Supply Co.* v. *City of New York*, 144 App. Div. 318; *Port Jervis Water Works Co.* v. *Village of Port Jervis*, 151 N. Y. 111.) The interests of the public cannot be jeopardized by the failure of public service corporations to supply water for domestic service and fire protection pending a controversy between such

34

corporations and municipalities as to the rate of compensation to be paid for such service. Ample remedy existing in favor of defendant to secure reasonable compensation upon compliance with the orders made, the peremptory writ of mandamus was properly issued."

In *Matter of Town of Mamaroneck* v. *New York, etc., Water Co.* (*supra*) the application was for a peremptory mandamus order to compel the defendant to extend its water mains. The town board passed a resolution requesting the extension. The defendant in reply specified the terms upon which this would be done. The town refused to accede to those terms and demanded that the company should install the main. The company having failed to comply with the demand an application was made for a peremptory mandamus order and this was granted by the Special Term. In affirming that order Mr. Justice YOUNG, writing for the Appellate Division, said: " The duty of the water company to supply water to such district is plain. How is performance of that duty to be compelled, and upon whose request or direction? The power and duty of the town board to determine the needs of its inhabitants and to establish such a district undoubtedly clothes it with power to make effective the purpose of its creation. It clearly follows, therefore, that in order to effect such purpose the town board must necessarily possess the incidental power to require the water company to perform this statutory duty to supply water to its inhabitants and to direct mains to be laid for that purpose. The duty and power of determining the need of extension of the service is ministerial, not judicial. It cannot reside in the courts, but was by clear implication conferred upon the town board. The power conferred by the statute upon the town board to contract with a water company for a supply of water implies the power to compel such company to enter into such a contract to supply the water as required by the statute. Unless this authority is conferred by necessary implication upon the town board, it does not exist. It is the absolute duty of water companies, prescribed by the statute, to supply the authorities of any city, town or village through which the mains pass with pure and wholesome water at reasonable rates. This being so, I do not think the Legislature intended, in enacting the statute in question, to leave the municipality helpless and without power to enforce the water companies' obligation. That many municipalities and communities are without contract with water companies for their supply of water is well known, and if these are to secure water only through contract, it places them at the mercy of the companies. One of the purposes of the statute, I think, was to prevent such a situation."

The defendant seeks to distinguish these cases and argues that the order of the village board is arbitrary, unreasonable, unwarranted, tyrannical, capricious and confiscatory, and that such allegations in its answer make a question of fact and that the court has full power to determine that question on this application, and that it is also entitled to a hearing to determine whether the order is reasonable, fair and made in good faith. The defendant also strenuously asserts that the petitioner is not entitled to a peremptory mandamus order.

The defendant has not indicated the nature of the hearing to which it claims that it is entitled. If an issue of fact is raised in this proceeding, then an alternative mandamus order should be awarded, and such issues of fact tried by a jury. (Civ. Prac Act, § 1333.) It is true that mandamus is an extraordinary legal remedy, and in its nature is summary and drastic. It can only issue to compel the performance of an official or legal duty which is purely ministerial. The duty to act must be clear and the right to invoke it must appear. Controverted questions of fact will not be decided on an application of this character for if the right is questioned the order will be denied. In other words, the legal right must be clear and complete. (*People ex rel. Lentilhon* v. *Coler*, 61 App. Div. 223.) In extension of this doctrine the law provides that on an application for a peremptory mandamus allegations of facts set forth in the answering affidavits must be taken as true. (*Matter of Rexford Flats B. Co.* v. *Canal Board*, 168 App. Div. 558.)

The Civil Practice Act (§ 1319) provides: " A peremptory mandamus order may be granted in the first instance where the applicant's right to the mandamus order depends only upon questions of law, and notice of the application has been given to a judge of the court or to the corporation, board, or other body, officer, or other person, against which or whom the order is directed."

In my judgment there are no issues of fact here. The allegations in the answer of the defendant to the effect that the action of the village trustees " is arbitrary, unreasonable, unwarranted, tyrannical, capricious and confiscatory " are mere legal conclusions and too indefinite to raise an issue preventing the granting of the peremptory order. (*People ex rel. Empire City Trotting Club* v. *State Racing Commission*, 190 N. Y. 31; *Matter of Ormsby* v. *Bell*, 218 id. 212.) I am satisfied that it is the duty of the defendant to furnish the inhabitants of the street in question with an adequate supply of pure and wholesome water as directed by the village board. Because of its failure to do so the village has invoked the appropriate remedy. The inadequacy of the rates is no defense.

**534** WESTCHESTER M. CO. *v.* GRAND RAPIDS & IONIA R. R. CO.

Supreme Court, February, 1926. [Vol. 126

to this proceeding. The defendant has ample remedy to secure reasonable compensation for the service which it is rendering.

The application is, therefore, granted, with fifty dollars costs to the petitioner, and the peremptory mandamus order will issue as prayed for.